WOODWORTH et al. v. BROOKLYN EL. R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   April 26, 1898.)

1. EMINENT DOMAIN—ACTION BY ABUTTING OWNERS—PARTIES.
In an abutter's action in equity against an elevated railroad for an injunction and damages, all of several owners of undivided shares in the property in question must be joined as parties, and an omission of one or more renders the complaint demurrable.

2. SAME—PARTIES DEFENDANT.
If in such an action the defendant company has passed into the hands of a receiver appointed in a suit to foreclose a mortgage on the road, the receiver is a proper party defendant, and a demurrer on the ground that separate causes of action—one against the company for past damages, and the other against the receiver for an injunction—have been improperly united will not lie.

3. SAME—CAUSE OF ACTION.
Although, in such an action, the plaintiff seeks both injunction and damages, the damages are incident to the equitable relief, and there is accordingly only one cause of action.

Appeal from special term.

Actions by Lydia Woodworth and others against the Brooklyn Elevated Railroad and Frederick Uhlmann.   From an interlocutory judgment overruling a joint demurrer to a supplemental complaint, the same points being involved in three other actions by parties own-

ing undivided interests in the same property, which actions were tried at the same time, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

George W. Wingate, for appellants.

Theodore B. Gates, for respondents.

WOODWARD, J. The plaintiffs in this action, or series of actions involving the same points, are the owners of a house in Lexington avenue, Brooklyn, known as No. 41 of said street. The defendant corporation, of which the defendant Uhlmann has been appointed receiver in mortgage foreclosure proceedings, has constructed an elevated railroad in and along said Lexington avenue, passing the residence of these plaintiffs. It is alleged in the complaint that the defendant company has "taken and appropriated to its own use part of the plaintiff's easement of air, light, and access in and to said street, as owner of his said premises," and that defendant "has never made any compensation to plaintiffs nor taken any proceedings to condemn or acquire, for the use of said elevated railway, the said easements of air, light, and access taken and used by the defendant as aforesaid." Judgment is therefore demanded against the defendant, enjoining and restraining him from maintaining and operating the said elevated railroad, except upon the payment of the permanent damages which the plaintiffs may sustain, as well as for the damages already sustained. This action was originally brought against the railroad company, but by an order of the court Mr. Uhlmann, as receiver, was made a party defendant, with leave to the plaintiffs to make a supplemental complaint. This supplemental complaint varies in no essential particular from the original complaint, except in adding the name of Mr. Uhlmann as receiver in the title to the action, and in a paragraph reciting the fact of his appointment, and the order of the court making him a party defendant. To this supplemental complaint the defendants enter a joint demurrer, on the ground that there "is a defect of parties plaintiff herein in the omission of Raymond Gascon, Mary M. Parsons, and Lydia F. Bowley, the owners of the remaining two-thirds undivided parts of the premises described in the complaint"; and that "causes of action have been improperly united, in that a separate cause of action to recover damages for alleged trespass, which can exist only against the defendant the Brooklyn Elevated Railroad Company, as sole defendant, has been improperly united with a separate alleged cause of action for an injunction and incidental damages, which can exist only against the defendant Frederick Uhlmann, as receiver of the Brooklyn Elevated Railroad Company, as sole defendant."

We are of the opinion that there is a defect of the parties plaintiff in each of these actions. "The general rule, as sanctioned by the authorities, is, unquestionably," say the court in the case of Shepard v. Railway Co., 117 N. Y., at page 448, 23 N. E. 31, "that all persons materially interested in the subject of the action and in the relief sought ought to be made parties. The Code of Civil Procedure, by its provisions, manifestly recognizes this principle, which, from so early a day in the history of equity jurisprudence, has been so essential a

feature in equity procedure.    Section 446 provides for the joinder of 'all persons having an interest in the subject of the action and in obtaining the judgment demanded';" and this is clearly the case in the action now before us.    De Puy v. Strong, 37 N. Y. 372.    This is not, however, a fatal defect, as the Code of Civil Procedure provides, at section 497, that, "upon the decision of a demurrer, either at a general or special term, or in the court of appeals, the court may, in its discretion, allow the party in fault to plead anew or amend, upon such terms as are just"; and this seems to us a case in which it is proper for the exercise of this discretion, and the several plaintiffs should be allowed, without the payment of costs, to amend their pleadings, by making one cause of action, in which all of the plaintiffs shall be joined.

We come, then, to the consideration of the second point raised by the joint demurrer:

"That causes of action have been improperly united, in that a separate alleged cause of action to recover damages for alleged trespass, which can exist only against the defendant the Brooklyn Elevated Railroad Company as sole defendant, has been improperly united with a separate alleged cause of action for an injunction and incidental damages, which can exist only against the defendant Frederick Uhlmann, as receiver of the Brooklyn Elevated Railroad Company, as sole defendant."

This position seems to us untenable.    There is but one cause of action.    The plaintiffs sue for an injunction, and they have a right to ask for the damages incident to the equitable relief.    "Although he had a remedy at law for the trespass," say the court in the case of Williams v. Railroad Co., 16 N. Y., at page 111, "yet, as the trespass was of a continuous nature, he had a right to come into a court of equity, and to invoke its restraining power to prevent a multiplicity of suits, and can, of course, recover his damages as incidental to this equitable relief."    This case was cited with approval in the case of Shepard v. Railway Co., supra, the court continuing the subject by saying that:

"The violation of the property rights of abutting owners being adjudged in such an action, the awarding of damages sustained in the past from the defendants follows; they being, on equitable principles, deemed incidental to the main relief sought.    Story, Eq. Jur. 794, 795, 799.    With the object of doing complete justice to all persons interested, if the incidental relief to be granted, by way of damages for the past injuries, affects other parties than the present owners of the fee, is there any reason why those other parties should not be brought into the action?    I see none, where the parties so joined derive their rights of action from the same source, in the injury to the same property rights, and have a common interest in their enforcement.    The equitable principle in the administration of justice demands the presence of all persons whom the decree of the court can affect and bind, and these defendants cannot be prejudiced by the application of this principle.    If the decree grants the injunction demanded against the maintenance and operation of the road of the defendants, and awards damages for the injuries and losses sustained by the owners of the property in the past, those damages must be awarded by the court, as the several rights of persons to the same shall be ascertained, and they will be apportioned to and among those persons accordingly."

"It is the constant aim of a court of equity," says Mitf. Eq. Pl. (page 163), "to do complete justice by deciding upon and settling the rights of all persons interested in the subject-matter of the suit;

to make the performance of the order of the court perfectly safe to those who are compelled to obey it; and to prevent future litigation;" and to this end it is necessary, not only that all of the plaintiffs should be made parties, but that all of the persons who are to be affected by the judgment should be parties to the single action.

As was said by the court in the case of Henderson v. Railroad Co., 78 N. Y., at page 430:

"In the exercise of its equitable jurisdiction, the court, or referee acting in its place, may give full relief, having regard to the rights and interests of both parties."

Again, in the same case, the court say:

"As to the other question it was also then held that the right of the plaintiff to come into a court of equity rested upon the fact that the trespass complained of was of a· continuous nature, and that he might invoke its restraining power to prevent a multiplicity of suits, and could, of course, recover his damages as incidental to this equitable relief. It would seem, therefore, that the plaintiff should recover in this action all his damages, for, if not, then the apprehended evil would not be averted, and the defendant would be subjected to fresh litigation from day to day, and neither party be better off than if the plaintiff had resorted to the other forum; but, as it is, the court has power to do complete justice, and a purpose to render it must have been in the mind of the court upon the first appeal, or its language would have been qualified, and not general."

It is urged, however, with much of plausibility, that this rule ·does not apply to the present case, because of the fact ·that the .receiver, who has been made a party defendant, is merely a receiver .in the interests of the mortgagees, and that he cannot be charged ·with the torts of the defendant company committed prior to the time of his appointment as such receiver. It is pointed out, and the proposition is sustained by much of authority, that a receiver in a mortgage foreclosure proceeding is "confined to the care and preservation of the mortgaged property," and that his appointment gives him "temporary management of the railroad under the direction of the court; nothing more." Decker v. Gardner, 124 N. Y. ·334, 26 N. E. 814. The corporation is not dissolved. "The receiver, .by virtue of his appointment," say the court in the case of United States Trust Co., N. Y., v. New York, W. S. & B. R. Co., 101 N. Y. .478, 5 N. E. 316, "takes possession of the mortgaged property, and receives the rents and profits as the officer of the court, but the title to the property is not changed, but remains in the mortgagor until .a sale under the decree in the action." It has been held repeatedly that a receiver in a mortgage foreclosure proceeding is not answer- .able for the torts of the owner of the property, committed prior to his appointment as such receiver, but those cases have no bearing upon the question now before us. The constitution of this state ·declares, "Nor shall private property be taken for public use with- ·out just compensation." Article 1, § 6. The plaintiffs in this action assert that their property rights in certain real estate in the ·city of Brooklyn have been taken by the defendants without the payment of just compensation, and this action is brought for the purpose of restraining the defendants from a further use of such property rights without first having paid for the same. The use ·of this property is essential to the defendants and to the mort-

gagees.    Neither of these parties has any right to this property as against these plaintiffs, if they are in fact the owners of the property.    It has been taken from them without the payment of just compensation, and the plaintiffs are entitled, on establishing their rights to the property, to a judgment against any and all persons or corporations who are in possession of their property.    In other words, the defendant corporation, owning no title to the property of these plaintiffs, could not have mortgaged it to the mortgagee.    He has no better title than the mortgagor, and these plaintiffs have a clear right to reach any and all parties claiming or exercising rights over their property, or to follow it into the hands of the purchasers of the property of the defendant company.    Their claim, if it has any existence, is a lien upon the property in whatever hands it may be found, and is ahead of all mortgages which the railroad company may have given.    As was said in the case of Lynch v. Railway Co., 129 N. Y. 274, 29 N. E. 315:

"The action was one purely for a court of equity; for the main relief sought was an injunction against the defendants, restraining them from maintaining and operating their elevated railroad.    To the assertion of this ground for the equitable interference of the court, the facts in the complaint were marshaled, and to the necessity for granting that species of relief every allegation of the complaint was framed and calculated to lead.    There was but one cause of action stated in this complaint, and that was the claim for relief against the continued trespass upon the complainant's properties.    The demand for past damages, included in the prayer for judgment, does not have the effect to set up an independent cause of action.    It is nothing more than a demand that the court, having adjudged the plaintiff entitled to the equitable relief prayed for, and having acquired entire jurisdiction of the action, will assess the damages which appear to have been sustained down to the trial."

That is the situation in the case at bar.    There is but one cause of action set up in the complaint, and that is for an injunction restraining the defendants from using the property of the plaintiffs without the payment of just compensation.    The receiver, as the temporary manager of the railroad, and as the holder of some part of the assets of the defendant company, is a proper party to this action; and it cannot be assumed that a court of equity, in rendering its judgment, will fail to discriminate as between the defendants in doing justice to all parties.

The judgment of the special term overruling the demurrer, with the modification suggested as to the first ground of the demurrer, is affirmed.    All concur.