MARY MCGOWAN ET AL. *vs.* THE TOWN OF MILFORD.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Under §1437 of the General Statutes, a town which changes the grade of a public highway is liable to the owner of adjoining land, or of any interest therein, for such special damages as he may sustain; and if the town takes no measures for the ascertainment of the damages in the manner prescribed by §1440, the owner may bring an action to recover them which is, in effect, an action arising out of the unlawful taking of land for public use.

The owner of a life estate in land adjoining a public highway has an interest therein which entitles him to pursue the remedies allowed by law for the recovery of special damages resulting from a change of grade.

The life tenant and the remainderman may sue separately for the injuries to their respective interests, or under our liberal rules as to the joinder of parties, they may unite in one action.

In the present case, the trial court instructed the jury that the life tenant "may maintain this action for damages . . . as though she were the owner of the fee" and that "if you find damages do result, your verdict should be for" the life tenant "without concern as to what her interest is," and that "as to her enjoyment of such damages as you find . . . we are not concerned," for "the law very wisely makes provision for that matter." *Held* that this instruction, under which the life tenant was permitted to recover the entire damage to the property as trustee for the several interests, was erroneous.

Argued April 14th—decided May 29th, 1926.

ACTION to recover damages for injuries to the plaintiff's property, alleged to have been caused by a change of grade in a highway, brought to the Superior Court

in New Haven County and tried to the jury before *Baldwin, J.;* verdict and judgment for $1,000 for the plaintiff Mary McGowan, and appeal by the defendant. *Error and new trial ordered.*

*Omar W. Platt,* for the appellant (defendant).

*Arthur B. O'Keefe,* with whom, on the brief, were *Jeremiah D. Shea* and *John Henry Sheehan,* for the appellee (plaintiff Mary McGowan).

CURTIS, J. This is an action under General Statutes, § 1437, which reads in part: "When the owner of land adjoining a public highway, or of any interest in such land, shall sustain special damages or receive special benefits to his property by reason of any change in the grade of such highway, or by reason of excavations in such highway, made in the process of repairing the same by the town, city or borough, in which said highway may be situated, or by any corporation whether acting by authority or direction of the Public Utilities Commission or otherwise, such town, city, borough or corporation, shall be liable to pay to such owner the amount of such special damage, and shall be entitled to receive from him the amount or value of such special benefits, to be ascertained in the manner provided for ascertaining damages and benefits occasioned by laying out or altering highways."

The manner of ascertaining the special damages and special benefits in case of laying out and opening a highway, and in changing the grade of a highway at the instance of the town, is provided in § 1440. If, however, the town does not so ascertain such damages and benefits, any person entitled to damages may bring an action for damages against the town. *Healey v. New Haven,* 49 Conn. 394, 401; *Holley v. Torrington,* 63 Conn. 426, 28 Atl. 613.

The town did not take action to ascertain the damages, and this action was brought by the two plaintiffs, Mary McGowan and Anna Ford, claiming damages against the town of Milford. The complaint alleges that Mary McGowan is the owner of a life interest, and that Anna Ford is the owner of the fee, of a tract of land on Seaside Avenue, Milford, with buildings thereon, used for residential purposes; that the life tenant was in possession when the defendant changed the grade of Seaside Avenue, and that this change of grade by the town inflicted special damages upon them as to their interests in the land.

The record discloses that the plaintiffs offered evidence tending to prove that the change of grade had diminished the market value of the property, and that the change of grade had made the premises damp and uninhabitable, and that the plaintiff Mary McGowan (the life tenant in possession) contracted rheumatism from the dampness, and was otherwise injured by the loss of boarders and roomers because of such condition of the house.

It appears in the briefs that the defendant was granted a nonsuit as to Anna Ford, as to which action of the court no appeal was taken, thus leaving the life tenant as the sole plaintiff.

The defendant's reasons of appeal state that the court erred in not charging the jury as follows, in accord with the defendant's requests one and two, and in charging the jury as set forth in reasons of appeal three and four:

"1. This action is brought under Section 1437 of the General Statutes which permits the owner of land adjoining a public highway, or of any interest in such land, to recover damages for a change in grade of such highway, if his property has sustained special damage by reason of such change. The life tenant of the

property is not an owner of an interest within the meaning of that statute. Therefore the plaintiff, Mary McGowan, who is alleged to be the life tenant, is not entitled to recover damages in this action."

"2. The life tenant is entitled to recover only such damage as you may find that her estate has suffered by reason of the change of grade of the highway in front of the property of which she has the life use. She is not entitled to recover damages on account of the depreciation in value of the property which occurred by reason of the change in grade, unless her life estate has been damaged by reason of such depreciation in value."

The court erred in charging the jury as follows:

3. "Under the law of this State, Mary McGowan, being the life tenant in possession of the property, may maintain this action for damages; she may maintain the action for damages as though she were the owner of the fee. As to her enjoyment of such damages as you find, if you find damages, and as to her obligations to such damages, her rights and duties in the matter, we are not concerned. The law very wisely makes provision for that matter; and it is no subject that requires our present consideration. It is sufficient for me to say to you that her situation being what it is, the owner of the life tenancy in possession of the property, she may maintain and recover whatever damages you may find exist."

And as follows: (4) "If, however, you find that damages do result, your verdict should be for the plaintiff, Mary McGowan, without concern as to what her interest is, as I have instructed you."

It must be borne in mind that the only plaintiff at the close of the evidence was the life tenant in possession. The defendant claims flatly that the life tenant is not an "owner of an interest" under § 1437.

As we intimated in *Healey* v. *New Haven,* 49 Conn. 394, 403, an action for damages for change of grade is an action, or is analogous to an action, arising from the unlawful taking of land for public use. In interpreting the words "owner of land," or "owner of any interest in such land," in § 1437, we turn to the law relating to the constitutional provision, that property shall not be taken for public use without compensation, for guidance.

In Nichols on Eminent Domain (2d Ed.) the question of proper parties in condemnation proceedings is discussed. In Volume 1, § 118, the meaning of property in the constitutional provision is discussed. In §118, the author says: "Accordingly, whenever it appears that there has been a 'taking' of land within the meaning of the constitution, it is not merely the owner of the fee who is entitled to compensation, but every person holding an estate or interest in the subject-matter of the taking which will be recognized by the courts as valid against the owner of the fee, is equally protected by the constitution." And in § 119: "The principle that the holder of every estate or interest in a parcel of land taken for public use is entitled to compensation is most frequently applied in the case of estates successive in time. It is well settled that life tenants, and lessees for years or from year to year, holding under a valid devise, grant or lease, have such an interest in the property as to be classed as 'owners' in the constitutional sense, and to be compensated for the taking of their interest in the property, or to sue for damages when an unlawful injury to the property under color of eminent domain is inflicted."

This is sufficient to demonstrate that the life tenant was a proper plaintiff in this action, and entitled to recover such damages to her interest as she could prove,

and that the court did not err in not charging in accord with the defendant's first request to charge.

The defendant's second request to charge may be considered in connection with the alleged errors in the charge as given.

The trial court evidently deemed this action by the life tenant for damages to be analogous to a case of a life tenant in possession suing one who negligently injured the estate under the rule established in New York in the case of *Rogers* v. *Atlantic, Gulf & Pacific Co.,* 213 N. Y. 246, 107 N. E. 661; note to L. R. A. 1916A, p. 792. That case held, as stated in headnote "1" therein, that "an injury caused by the negligent act of a stranger is not 'waste' for which the tenant is liable to a reversioner. The tenant may, however, recover from a stranger all the damages for injury done by him to the life estate and the inheritance, and such recovery will bar an action by the remainderman. The court will make proper provision for the protection of rights of the latter." We do not think the case at bar is analogous to this New York case.

As intimated above, the case at bar is a case of, or is analogous to a case for, damages for unlawful injury to land under color of eminent domain. In the State of New York it has been held, in effect, that persons holding several distinct interests in the same parcel of land (taken under color of eminent domain) may maintain an action jointly or proceed separately for such wrong. *Shepard* v. *Manhattan Ry. Co.,* 117 N. Y. 442, 23 N. E. 30; *Woodworth* v. *Brooklyn Elevated R. Co.,* 29 N. Y. App. Div. 1, 51 N. Y. Supp. 323. It would hardly be claimed that the above ruling in the case in 213th New York had in any way changed the rule in these eminent domain cases.

In 20 Corpus Juris, p. 1187, the cases cited in note sixteen thereunder, indicate that a similar rule as to

joinder or nonjoinder of parties prevails in Massachusetts, Maine, Arkansas, Indiana, Minnesota, New Jersey, Pennsylvania, and Tennessee, and probably elsewhere under modern pleading. The converse to the rule was intimated by us as true in *Evergreen Cemetery Asso.* v. *Beecher,* 53 Conn. 551, 5 Atl. 353.

The manifest advantage of a joinder of all parties holding distinct interests in the same parcel of land under § 1437 would seem to make their joinder permissible. Our rules as to joinder are liberal. *Lewisohn* v. *Stoddard,* 78 Conn. 575, 63 Atl. 621.

The case of *Rogers* v. *Atlantic, Gulf & Pacific Co.,* 213 N. Y. 246, 107 N. E. 661, is also annotated in Amer. & Eng. Annotated Cases, 1916C, p. 877, but nothing therein appears as to the extension of the rule in the principal case to cases of eminent domain.

The trial court erred when it charged the jury that "under the law of this State, Mary McGowan, being the life tenant in possession of the property, may maintain this action for damages . . . as though she were the owner of the fee," and that, "if, however, you find damages do result, your verdict should be for the plaintiff, Mary McGowan, without concern as to what her interest is, as I have instructed you."

Under the charge as given, the life tenant in possession was permitted to recover all damages proved for diminution of value of the property and otherwise as a trustee for all the interests.

There is error and a new trial is ordered.

In this opinion the other judges concurred.