LOUIS J. KRATOCHVIL *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER.

MALTBIE, C. J., AVERY, JENNINGS and DICKENSON, Js.[1]

Argued June 10—decided July 1, 1942.

---

[1] By agreement of counsel the case was argued before and decided by four judges.

*John Buckley,* for the appellant (plaintiff).

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

JENNINGS, J. This action, arising out of the condemnation of the plaintiff's land, was based primarily on misrepresentation. This issue was found against the plaintiff and no attempt was made to correct the finding. The plaintiff still claims, however, that the method adopted by the defendant in acquiring the land was unauthorized and illegal. The facts found, necessary to determine the remaining legal issue, hereinafter stated, are as follows: The plaintiff was the sole owner in fee of a ten-acre piece of land in the town of Union. On it he had his home, a gas station, in connection with which he sold some general merchandise, and a farm. The defendant is the highway commissioner of the state. He included eight and two one-hundredths acres of the plaintiff's land within the layout of the Wilbur Cross Parkway.

On May 2, 1939, after some weeks of negotiations, the plaintiff, at the request of the defendant, signed an instrument by which, in substance, he agreed to accept in full settlement for the eight and two one-hundredths acres "to be acquired," and for any damage to his remaining land, cost of removal of buildings, loss of business and any other loss or damage due or incidental to construction of the road, $9500, of which $8000 was to be paid upon receipt by the state of a warranty deed free of incumbrances and $1500 when

all the terms of the agreement, which included removal of buildings before specified dates, had been fulfilled.

On May 24, 1939, the highway commissioner filed with the clerk of the Superior Court, in accordance with General Statutes, § 1528, his assessment of damages in the amount of $9500, and on May 26th the clerk gave the required notice of the assessment to the plaintiff. No notice was given the plaintiff of any further steps in the condemnation of his property. He filed no appeal within the statutory six months period. Subsequently and before July 25, 1939, the defendant filed an "Application for Price Approval" in court which was referred to Hon. Frederick M. Peasley, a state referee. The latter visited the premises on July 25, 1939, and filed his report on the same day. This report was accepted in an undated order signed by *Ells, J.,* and entitled "In re Application of State Highway Commissioner re Certain Condemnation Proceedings against Louis Kratochvil filed with the Superior Court of Tolland County." It was ordered by the court that "Said Report of the State Referee be accepted and that the Clerk of this court certify said award for payment."

On August 15, 1939, an agent of the defendant submitted to the plaintiff, and the plaintiff executed and delivered to the state, the warranty deed provided for in the agreement of May 2d. The state then paid the plaintiff $8000 and, when the remaining conditions had been fulfilled, the balance of $1500.

On October 30, 1939, the clerk of the Superior Court in Tolland County issued a certificate of award stating "that the sum . . . of $9,500.00 has been assessed as a fair and reasonable sum for damages to land owned by Louis Kratochvil . . . and that said Louis J. Kratochvil has accepted the assessment as made by

the Highway Department and as reported by Honorable Frederick M. Peasley, State Referee. . . . Said report of the State Referee has been accepted by the Honorable Arthur F. Ells, Judge of the Superior Court, and ordered certified for payment by the Clerk. And this certification for the payment of said award is made in pursuance of the provisions of Section 1529 of the General Statutes."

On these facts the trial court concluded that the defendant and his agents acted legally in accepting the deed as well as at all other times, waived no rights and were not estopped. The plaintiff assigned these conclusions and the overruling of his thirty-eight claims of law as error. The latter may be concisely stated as follows: While the highway commissioner has authority to purchase by deed or to take by eminent domain, both methods may not be pursued at one and the same time. He points out that the taking gave only an easement while the deed gave an estate and claims that after the taking there is no authority to demand or accept delivery of a deed for highway purposes and that the deed should therefore be declared null and void.

In the case of highways laid out by towns all that is taken is an easement for highway purposes. *Tyler* v. *Darien,* 115 Conn. 611, 613, 162 Atl. 837. When the legislature gave the highway commissioner power to "take" any land he may find necessary for the layout or improvement of any trunk line highway, it must be assumed that it intended a taking of the same nature; otherwise, it would have specified more particularly the estate he was authorized to acquire by condemnation. This is a less estate than the fee obtained by warranty deed. If the owner of an easement in land acquires the fee, his lesser estate is merged therein and the whole legal title is vested in the

grantee. *Blanchard* v. *Maxson,* 84 Conn. 429, 434, 80 Atl. 206; *Les* v. *Alibozek,* 269 Mass. 153, 156, 168 N. E. 919; *Bricault* v. *Cavanaugh,* 261 Mich. 70, 72, 245 N. W. 573; 17 Am. Jur. 1024, § 139. No authority has been cited or found which prevents this result under the circumstances here disclosed nor does any reason occur to us why the same principle should not apply. When this transaction took place the defendant had the right to purchase or condemn. This is admitted in the plaintiff's brief. General Statutes, Cum. Sup. 1939, § 418e; General Statutes, § 1528. Under the condemnation proceedings, detailed above, the amount assessed as damages was voluntarily accepted by the plaintiff and, after investigation by a state referee, was approved by the court. This was apparently done in pursuance of a procedure adopted as a result of the conviction of G. LeRoy Kemp for conspiracy to violate General Statutes, § 6288, in the purchase of land for the Merritt Parkway, was for the protection of both the landowner and the state and was proper. See *State* v. *Kemp,* 126 Conn. 60, 9 Atl. (2d) 63. Under that procedure, if an assessment for the taking of land by the highway commissioner was accepted by the landowner and involved an expenditure of more than $1000, reference to a state referee and his approval of the sum to be paid were required before the clerk of the court issued a certificate that the landowner was entitled to the sum agreed upon; and that procedure has since been embodied in the statutes. Sup. 1941, §§ 198f, 199f. The obtaining by the state of a warranty deed of the premises as a part of the consideration for payment of the sum assessed also, in effect, amounted to a purchase under § 418e. In this situation the commissioner has a right to stand on the deed as giving the greater estate. *Brightwell* v. *International-Great Northern*

*R. Co.*, 121 Tex. 338, 49 S. W. (2d) 437; 84 A. L. R. 265 and note, 271.

Finally, the grantor in a warranty deed covenants that his title is good and that he will warrant and defend it against all lawful claims and demands existing at the time of the grant. *Reed* v. *Stevens*, 93 Conn. 659, 662, 107 Atl. 495. The taking antedated the deed. It was complete when the assessment was filed with the clerk. *Munson* v. *MacDonald*, 113 Conn. 651, 657, 155 Atl. 910. The plaintiff grantor had notice of this when he executed and delivered his deed to the defendant and is estopped to set up this fact as a reason for invalidating his own warranty deed. *Stow* v. *Wyse*, 7 Conn. 214, 220; *Zandri* v. *Tendler*, 123 Conn. 117, 122, 193 Atl. 598; and see *Smith* v. *Moodus Water Power Co.*, 35 Conn. 392, 398; 21 C. J. 1067, § 26; 31 C. J. S. 197.

There is no error.

In this opinion the other judges concurred.