[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff, Cuzz-Acres Orange Limited Partnership, has appealed from a Notice of Taking and Assessment of Damages filed by the Commissioner of Transportation for a certain property located at 30 Prindle Road in the City of West Haven. The assessment was for $43,000.00 and it is against this assessment that the plaintiff has appealed seeking a reassessment of the damages incurred by the taking.
The taking was for the purpose of making certain roan improvements at the location in an effort to improve the circulation of traffic due to an increase thereof emanating from Bayer Industries.
The Notice of Taking describes the parcels of land as well as the easements and rights of way to be taken.
Parcel A is for 302 square feet more or less; Parcel B is for some 129 square feet more or less; and parcel C consisted of some 26,985 square feet more or less.
Also a full and perpetual easement to slope for the support of the highway consisting of some 15,930 square feet more or less.
Also taken was a full and perpetual easement to slope for the safety of the highway amounting to 172 square feet more or less.
In addition, full and perpetual rights of way easements were taken within two areas totaling 4,812 square feet.
A right of way was also taken to construct a driveway and install a sedimentation control system said right to terminate automatically upon completion.
The Commissioner of Transportation has taken this action on behalf of CT Page 15334-bm the State of Connecticut pursuant to §§ 13a-73 (b), 13a-73 (e) and13a-98e of the General Statutes of the State of Connecticut
The matter has been referred to the undersigned State Trial Referee. The court, in the company of counsel, has viewed the premises and has heard evidence presented by both parties relating to the issue of damages.
The subject property is in a PRD zone, a planned development district. It consists of a one family residence and excess acreage. The minimum size lot for PRD zone is 40,000 square feet. After the taking, the remainder will be nonconforming containing 33,960 square feet.
The Fifth Amendment to the Constitution of the United States states that "nor shall private property be taken for public use without just compensation."
Article I, Section 11 of the Constitution of the State of Connecticut states that "[t]he property of no person shall be taken for public use without just compensation therefor."
Our Supreme Court indicated that "the question of what is just compensation is an equitable one rather than a strictly legal or technical one. The paramount law intends that the condemnee shall be put in as good condition pecuniarily by just compensation as he would have been in had the property not been taken. Northeast Ct. Alliance v. ATCPartnership, 256 Conn. 813, 828,
In Tandet v. Urban Redevelopment Commission, 179 Conn. 293, 298-299 in interpreting "just compensation" as found in the Connecticut Constitution, Article I, Section 11, supra, to mean "that the condemnee is entitled to receive a fair equivalent in money for the property taken, as nearly as its nature will permit." Schnier v. Commissioner ofTransportation, 172 Conn. 427, 431, 374 A.2d 1087 (1977); Callaluca v.Ives, 150 Conn. 521, 539, 191 A.2d 340 (1963). The measure of damages is ordinarily the fair market: value of the acquired land on the day of taking. Ibid. Where only a part of a tract of land is taken for the public use, the award will include the value of the part taken as well as any damages visited upon the remainder as a result of the taking.D'Addario v. Commissioner of Transportation, 172 Conn. 182, 184,374 A.2d 163 (1976). In Lefebvre v. Cox, 129 Con. 262, 265, 28 A.2d 5
(1942) we stated: "The ordinary rule for measuring damages where a portion of a tract of land is taken is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter; taking into consideration CT Page 15334-bn the changes contemplated in the improvement and those which are so possible of occurrence that they may reasonably be held to affect market value. See Andrews v. Cox, 128 Conn. 455, 17 A.2d 507 (1941) In determining the market value of the remainder after a partial taking, we have said that "it is proper for the trier to consider all elements which are a natural and proximate result of the taking and which could legitimately affect the price a prospective purchaser wound pay for the land.' Bowen v. Ives, 171 Conn. 231, 236, 368 A.2d 82 (1976). Because fair market value has been defined simply to mean that price that a willing seller and a willing buyer would agree upon following their negotiations; see Lynch v. West Hartford, 167 Conn. 67, 73, 355 A.2d 42
(1974); Uniform Eminent Domain Code Sec. 267; an appraisal of fair market value should take into consideration that use of the property that would provide a prudent investor the greatest financial return." ConnecticutPrinters, Inc. v. Redevelopment Agency, 159 Conn. 407, 411, 270 A.2d 549
(1970); 4 Nichols Eminent Domain (3d ed) Sec. 12.314.
Both parties have employed the comparable sale method of determining the fair market value of the subject property. This apporoach is deemed to be the most appropriate under the present circumstances.
The court finds the highest and best use of the property to be as is for the residential portion of the property and for subdivision for the remaining acreage.
The Commissioner of Transportation appraises the value of the property before the taking at $630,000.00 and the after value at $587,000.00. His assessment of damages amounts to $43,000.00. He calculates the damages for the taking based on an area taken of 27,416 square feet at a value of 57 cents per square foot for a total of $15,500.00; for the various easements totaling 16,102 square feet at 14 cents per square foot totaling $2,500.00 and for severance damages to the residence, he allocates the sum of $25,000.00 for a total amount of $43,000.00.
The plaintiff, Cuzz-Acres, was appraised as a residential property. His appraisal involves only some 40,000 square feet of the residence and sufficient land surrounding the same to conform to the PRD zone. He indicates no damage to the remaining property. He assesses a value before the taking at $168,500.00. For the value of the improvement plus the surrounding land, he places a value of $99,848.00, and for the value of the excess land a value of $68,540.00, for a total of $168,500.00. In his appraisal and in his testimony, he indicates that there should have been a complete taking of the entire parcel and gives the property a value of zero after the taking. The defendant is thus seeking the total amount of $168,500.00. CT Page 15334-bo
While the court is of the opinion that the severance damages to the property remaining has had a substantial impact on the subject property, it does not correspond to a total taking.
The Court bases this opinion on the fact that the property is presently being occupied by a tenant. The plaintiff is receiving rental income.
The condemnation has left the plaintiff with an island consisting of some 0.78 acres. It will be a nonconforming 33,960 square foot parcel being less than 40,000 square feet as required in a PRD zone. A highway barrier has been installed along Prindle Road. The highway swings southerly through the property eliminating any privacy that the occupant might have. The Commissioner has assessed these damages at $25,000.00.
In addition, there is no curb cut in Prindle Road giving the plaintiff no access therefrom to his property. Access is gained as a result of a driveway installed by the Department of Transportation. The project was undertaken by the State but the title to the driveway area might rest with the City of West Haven. There is no evidence that the plaintiff has been granted a right of access from anyone that might have the legal right to do so.
The court, after viewing the property, is of the opinion that, while the severance damage to the property does not amount to a total taking, the sum of $25,000 damages is inadequate. The easement to slope for protection of the highway and the safety of the highway, while it does not amount to a taking in fee simple, nevertheless the plaintiff's use of the property is almost nil. The court therefore considered the taking of the easement to amount to 90 percent of its value. Also, as for the property actually taken, the court places a value of $1.00 per square foot. The severance damages the Court finds to be $50,000.00. CT Page 15334-bp
Based on the above and finding the actual taking to consist of some 27,416 square feet and the easements to slope to consist of 16,102 square feet, the Court finds damages for the actual taking to be $27,416.00; for the easements $14,491.18; and for the severance damage $50,000.00, for a total amount of $91,887.18 rounded to $92,000.00. Judgment may enter in the amount of $49,000.00, the difference between the Assessment of Damages and the findings by the Court.
An appraisal fee of $2,400.00 is awarded.
The Court
 By ___________________ Curran, J.
CT Page 15334-bq