BRICAULT *v.* CAVANAUGH.

1. EASEMENTS—JOINT DRIVEWAY—MERGER.
    Easement for joint driveway between two halves of city lot was
    merged and extinguished when same person received title to
    both parcels.

2. SAME—CREATION OF EASEMENT.
    Language in deed conveying south half of city lot, *held*, suffi-
    cient to create easement for joint driveway over south five feet
    of north half of said lot, retained by grantor, and north five
    feet of south half, conveyed by said deed.

3. SAME—EXTINGUISHMENT OR ABANDONMENT.
    Where easement was created in joint driveway between north and
    south halves of city lot, and grantees of south half erected
    dwelling on part reserved for easement, preventing its enjoy-
    ment by either party, obstruction *held*, to amount to extin-
    guishment, or at least to show abandonment, of easement by
    said grantees.

Appeal from Saginaw; Browne (Clarence M.), J.
Submitted October 12, 1932. (Docket No. 84, Calen-
dar No. 36,756.) Decided December 6, 1932.

Bill by Raymond H. Bricault and another against
Daniel S. Cavanaugh and another to establish own-
ership in an easement and enjoin interference with
its use. Bill dismissed. Plaintiffs appeal. Af-
firmed.

*Cook & Cook,* for plaintiffs.

*Otto & Holland,* for defendant Cavanaugh.

McDONALD, J. The plaintiffs claim an easement
by grant for the purpose of a driveway over land

---

As to effect of language in deed indicating purpose of grant to
which property is to be put as creating easement, see annotation in
L. R. A. 1918B, 701, 706.

On abandonment of private way by nonuser or improvements in-
consistent with its use, see annotation in 22 L. R. A. (N. S.) 880;
42 L. R. A. (N. S.) 741; 1 A. L. R. 884; 9 A. L. R. 423; 33 A. L. R.
807.

belonging to defendants. This bill was filed to confirm the easement and to restrain interference with its use.

The plaintiffs are the owners of the south half of a certain lot in the city of Saginaw, Michigan. The defendant Cavanaugh is the owner of the north half. Both of the parties purchased from a common grantor, Mrs. Lucina M. Beach. The deed to the plaintiffs contained the following clause:

"Subject to a joint driveway between said above-described premises and the north one-half of said lot three; and to be kept and maintained as such joint drive hereafter by the respective owners of the two said above-described premises."

The Cavanaugh deed, which was about five years subsequent to that of the plaintiffs, contained no reference to the joint driveway.

In improving his lot, the defendant placed an obstruction in the drive which prevented its use by the plaintiffs. Thereupon they brought this suit. On the hearing the trial court held that the provision in the plaintiffs' deed on which they rely is too indefinite to create an easement; and that to the plaintiffs the driveway is not a way of necessity. From a decree dismissing their bill, they have appealed.

Prior to the time that Mrs. Beach, the common grantor, received her title to lot three, there seems to have been a 10-foot joint driveway over the south five feet of the north half and the north five feet of the south half. At least such an easement was provided for in the earlier conveyances. Whether it was established entirely on the north half of the lot, now owned by the defendant Cavanaugh, the record does not show. At the time this controversy arose,

it was entirely on the north half. It is probably true that its exact location with reference to the two lots was not known by any of the parties until a survey was made shortly before this suit was commenced. But regardless of its original location, the easement ceased to exist when Mrs. Beach became the owner of the entire lot on February 24, 1920. When she received title to both parcels the easement was merged and extinguished. She could not have an easement in her own land. *Morgan* v. *Meuth,* 60 Mich. 238.

The old easement was extinguished. When she conveyed to the plaintiffs she attempted to create a new one. The question is whether the language of the deed is sufficient for that purpose. The language used clearly shows that it was her intention to create an easement for a driveway between the two parcels. The only mistake in the description is the failure to state how many feet of land each should be charged with. As it was to be a joint driveway for the equal benefit of each parcel, it is only fair to assume that she intended each to contribute the same amount of land to the easement. After her conveyance to the plaintiffs, she still owned the north half. She certainly did not intend to put the entire driveway on her own land. To determine the amount of land each parcel was intended to contribute to the driveway, it is proper to consider the surrounding circumstances which we may assume the grantor had in mind at the time. She knew from prior recorded conveyances that an easement had been created for a joint driveway over the south five feet of the north parcel and the north five feet of the south parcel. Having this in mind, it is right to assume that she intended to re-establish an easement in the same location. Con-

sidering the language in connection with surrounding circumstances, our conclusion is that the deed to the plaintiffs created an easement for a joint driveway over the south five feet of the north half of lot three and the north five feet of the south half.

This conclusion raises the question as to whether the plaintiffs have not abandoned the easement.

The testimony shows that their dwelling house occupies the entire portion of their lot reserved for the easement. The driveway is not in the location designated by the grantor. It has been located by use entirely on the land now owned by the defendant. The plaintiffs have no right by prescription to have it maintained there because the continuity of use was interrupted by merger when the grantor became the owner of both parcels. They are not entitled to have it located there as a way of necessity because they own the adjacent lot on the south. They are not entitled to have the south five feet of the Cavanaugh parcel devoted to driveway purposes because of the obstruction which they have placed on the north five feet of their parcel. We think this obstruction, which prevents enjoyment of the easement by either party, amounts to an extinguishment, or at least shows an abandonment by the plaintiffs.

The decree of the trial court is affirmed, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.