*DIMOFF v. LABOROFF.*

1. EASEMENTS—COMMON OWNERSHIP OF DOMINANT AND SERVIENT ESTATES—EXTINCTION OF EASEMENT.

   Any right of easement acquired by a previous owner of lot adjacent to servient estate is extinguished upon common ownership of both dominant and servient estates as one cannot have an easement in his own land.

2. SAME—IMPLIED EASEMENT RESTS UPON NECESSITY AND NOT CONVENIENCE.

   No implication of a right of way can arise from proof that the land granted cannot be conveniently occupied without it, since an implied easement rests upon necessity and not upon convenience.

3. SAME—CONVEYANCE OF CONTINUOUS AND NONCONTINUOUS EASEMENTS.

   Easements are divided into continuous and noncontinuous easements, and the former pass on the severance of the two tenements as an appurtenance without the use of the word "appurtenance" whereas the latter do not pass unless the grantor uses language in the conveyance sufficient to create the easement *de novo.*

4. Same—Right of Way.
   The quality or characteristic of continuousness does ·not belong to a right of way.

5. Same—Adjacent Lots—Common Ownership—Prescription—Way of Necessity—Evidence.
   Bill to compel adjoining lot owners to remove a line fence and for determination of whether plaintiffs had an easement over a portion of defendants' land was properly dismissed where prescriptive period for adverse possession on plaintiff's part had not elapsed subsequent to merger of the title of the two lots in the same owner and evidence fails to sustain the claim of an easement by necessity, or by user, of six-foot strip of land between houses owned by the respective parties and used, until the building of the fence, by the owners for gaining access to the rear of their lots and for bringing in coal and other material onto the premises.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 10, 1940. (Docket No. 39, Calendar No. 41,107.) Decided February 7, 1941.

Bill by Torpa Dimoff and Zoika Dimoff against John Laboroff, Vana Laboroff, and George Anastoff to compel defendants to remove a line fence and to declare an easement. From decree for plaintiffs, defendants appeal. Reversed and bill dismissed.

*Charles R. Robertson,* for plaintiffs.

*John A. Sunday* (*Charles A. Lorenzo,* of counsel), for defendants.

McAllister, J.   Plaintiffs filed a bill in equity to compel defendants to remove a certain line fence erected between the properties of the parties, and for the determination of the question of whether plaintiffs had an easement over a portion of defendants' land. The trial court granted plaintiffs relief, holding that there was an easement by prescription, as well as of necessity.

The parties are owners of adjoining lots in the city of Detroit, each having a frontage of 25 feet. In March, 1888, James Moran was the owner of both lots, then consisting of a single lot of 50 feet in frontage. In 1889 Moran divided this lot into two 25-foot lots, which are the parcels here in controversy. He erected a house on each lot. Between the houses there was approximately a six-foot strip of land, which during the past 50 years has been used in common by the succeeding various owners of the two houses for the purpose of access to the rear of the lots and for bringing coal and other materials onto the premises. The coal chutes of each house face this passageway. The line between the two properties runs approximately through the center of this six-foot portion which has been used in the manner above described.

Through mesne conveyances executed by various owners, title to the two lots became vested in Nathan and Dora Daskell in May, 1923. In 1924 the Daskells conveyed one lot to defendants. In 1927 they deeded the other lot to one Bezoff, who conveyed such lot to plaintiffs in 1929. There were no exceptions or reservations in any of the deeds. In February, 1938, defendants completed some building alterations in their house, and erected a fence on the line between the two lots, leaving a space of 37 inches between plaintiffs' house and the fence, and preventing plaintiffs from making use of the entire strip between the houses. Plaintiffs complain that they can no longer bring coal to their cellar by barrow as they have been accustomed to do, because of certain projections of their house and the too-narrow width of the remaining passageway. They claim, therefore, that they are entitled to the use of this six-foot strip as a way of necessity to their premises, and that there has been a continuous user of this way of

access for more than 50 years by all parties owning interests in the lots.

When the two lots became vested in Nathan and Dora Daskell in 1923, any right of easement acquired by previous adjacent owners up to that time became extinguished. The Daskells could not have held hostile adverse possession as against themselves. The union of dominant and servient estates in the same owners extinguishes prior easements. One cannot have an easement in one's own land. *Bricault* v. *Cavanaugh*, 261 Mich. 70; *Morgan* v. *Meuth*, 60 Mich. 238.

In *Burling* v. *Leiter*, 272 Mich. 448 (100 A. L. R. 1312), it was held that no implication of a right of way can arise from proof that the land granted cannot be conveniently occupied without it, since an implied easement rests upon necessity and not upon convenience. It is said that easements are divided into continuous easements and noncontinuous, or discontinuous, easements.

"The distinction between easements which are apparent and continuous and those which are not apparent and noncontinuous is completely established by the adjudicated cases. The former pass on the severance of the two tenements as appurtenance without the use of the word 'appurtenance,' but the latter do not pass unless the grantor uses language in the conveyance sufficient to create the easement *de novo. Fetters* v. *Humphreys*, 19 N. J. Eq. 471; *Parsons* v. *Johnson*, 68 N. Y. 62 (23 Am. Rep. 149); *Morgan* v. *Meuth, supra; Zemon* v. *Netzorg*, 247 Mich. 563. * * *

"The quality or characteristic of continuousness does not belong to a right of way. * * *

"It has no existence during the continuance of unity of seizin, and upon severance of the tenements does not pass unless it is a way of necessity or the operative words of the conveyance are sufficient to

grant it *de novo.*" *Burling* v. *Leiter, supra,* pp. 455, 456.

In *Zemon* v. *Netzorg,* 247 Mich. 563, 566, it was said:

"The premises of plaintiff front on Jefferson avenue. He seeks to establish an easement over adjacent property to reach the back part of his premises from Meldrum avenue. He is not entitled to a right of way over the lands of defendant of necessity. His premises are accessible from Jefferson avenue without the use of the claimed easement. Because the front of his lot is entirely covered with buildings gives him no right in property he does not own."

In this case, plaintiffs' bill was filed in 1938. The prescriptive period for adverse possession on his part had not elapsed subsequent to the merger of title in the Daskells. The evidence fails to sustain the claim of an easement by necessity, or by user.

The decree is vacated, and plaintiffs' bill of complaint is dismissed, with costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.