## VON MEDING v. STRAHL.

1. APPEAL AND ERROR—EASEMENTS—DEFAULT—ADMISSIONS.

    In suit against several easement claimants, the rights of those who defaulted and those whom plaintiffs, admit were entitled to use of easement of passage are not discussed.

2. EASEMENTS—UNION OF DOMINANT AND SERVIENT ESTATES.

    Where the holder of the servient estate purchased the dominant estate, any easement theretofore existing became extinguished, as one cannot have an easement in one's own land.

3. SAME—CREATION BY RESERVATION.

    Where an owner who has used a roadway or pathway over one part of his land for the benefit of another part, conveys the part over which the road passes, an easement of convenience for the benefit of his remaining land can only arise where there are apt words of reservation in the conveyance.

4. SAME—CONVENIENCE—IMPLIED EASEMENT.

    No implication of a right of way can arise from proof that land granted cannot be conveniently occupied without it, since an implied easement cannot rest upon convenience.

5. SAME—CREATION BY THIRD PARTY.

    A right of way cannot be granted by deed, estoppel, or otherwise, by anyone but the landowner.

6. SAME—PURPORTED GRANT BY THIRD PARTY NOT OWNING AN EASEMENT.

    Where owner of tract of land on beach of lake, connected by lane with tract he owned not on shore, conveyed latter to another without conveying easement over connecting lane and beach tract, the grantees thereof owned no easement merely because it was convenient to pass that way, hence their purported grant to defendant claimants of an easement did not impose one over the connecting lane and beach tract.

7. SAME—PRESCRIPTIVE RIGHTS.

    One may not acquire prescriptive rights in his own lands.

Requisites to creation of an easement by express grant, see 5 Restatement, Property, § 467; by prescription, § 457 *et seq.*

8. SAME—CREATION BY PRESCRIPTIVE USER.

Where prior to 1931 two tracts of land were owned by the same party, one was then conveyed to defendants' predecessor in title and later the other to plaintiffs, defendants are in no position to claim prescriptive user over plaintiffs' tract in suit commenced in 1941 since the 15-year period necessary to establish prescriptive rights could not possibly have expired (3 Comp. Laws 1929, § 13964).

9. SAME—MORTGAGES—FORECLOSURE.

Where no showing is made that predecessor owner of claimed dominant estate had an easement appurtenant to his estate at time he conveyed it to a third party and third party gave a mortgage to his grantor, which was foreclosed, and mortgagor had no authority to mortgage or convey the claimed easement at time mortgage was executed, the sheriff's deed conveyed at most only the interest of the mortgagor, hence, the mortgagee's subsequent conveyance to easement claimant neither created nor transferred any rights to defendant grantees.

10. SAME—EFFECT OF RECORDING—PRESCRIPTIVE USER.

While the recording of an instrument purporting to convey an easement of way over land would put subsequent owners of the servient parcel on notice of claimed rights to an easement of way and the continued use of the way under claim of right during the required period would have ripened the claimed rights into legal rights, the mere recording of the instrument would not, of itself, make an invalid grant valid (3 Comp. Laws 1929, § 13964).

11. SAME—RECITALS IN CONVEYANCE—INTENT.

The recital in an instrument of conveyance that the grant was "subject to all easements of record for right of way to and from the beach" *held*, intended to subject it to all valid easements of record.

12. SAME—CONVEYANCE—WORDS OF INHERITANCE—INTENT.

It is not necessary that words of inheritance be used in a conveyance of an easement in order to create an estate of inheritance in such an interest in view of statute requiring that if it be the intention of the grantor to convey any lesser estate, such intent shall be so expressed in the deed (3 Comp. Laws 1929, § 13323).

13. SAME—PRESUMPTIONS—CONSTRUCTION AS APPURTENANT.

An easement will never be presumed to be a mere personal right where it can fairly be construed to be appurtenant to some other estate.

14. SAME—CONSTRUCTION.

Whether an easement is in gross or appurtenant must be determined by the fair interpretation of the grant or reservation creating the easement, aided if necessary by the situation of the property and the surrounding circumstances.

15. SAME—CONSTRUCTION AS APPURTENANT RATHER THAN A PERSONAL RIGHT.

Where owner of servient estate conveyed by quitclaim deed ''an easement and the right of way for a road over, thru and across'' the servient parcel to owner of several other tracts which were subsequently sold to defendants, the parties intended that an easement appurtenant to lands then owned by the grantee of the easement be created, rather than a personal right in the grantee.

16. SAME—DIVISION OF DOMINANT ESTATE.

Since an appurtenant easement exists for the benefit of the dominant tenement as a whole, and not alone for any particular part thereof, if the dominant estate is divided, the right is not destroyed and the owner or assignee of any portion of that estate may claim the easement so far as it is applicable to his part of the property, so long as an unreasonable burden is not imposed upon the servient estate.

17. SAME—CONVEYANCE OF DOMINANT ESTATE—OMISSION TO MENTION EASEMENT.

Where an easement becomes annexed to land, either by grant or prescription, it passes as an appurtenance with a conveyance or devise of the dominant estate, although not specifically mentioned in the deed or will, or even without the use of the term ''appurtenances.''

18. SAME—DESCRIPTION—EVIDENCE.

Description of easement of way conveyed by quitclaim deed *held,* sufficient, under record, so as to leave no question as to what was intended to be conveyed by the deed.

19. SAME—PRESCRIPTIVE USER—EVIDENCE.

Finding that owners of three parcels who claimed an easement of way over plaintiffs' beach land had established their claim to an easement appurtenant to their respective tracts by prescription *held,* established by evidence, where it appears easement of way was cleared and used openly, notoriously, adversely, and continuously under claim of right for several years more than the period necessary to establish rights by prescription (3 Comp. Laws 1929, § 13964).

20. SAME—PRESCRIPTIVE USER—CONTINUITY.

In order to establish an easement by prescription the continuity of user is dependent upon the nature and character of the right claimed, hence where right of way claimed was in property suitable for use for summer homes, the use of the way during the summer months only was sufficient to establish a "continuous" use.

21. SAME—PRESCRIPTIVE USER—TACKING—PRIVITY.

Successive periods of adverse user by owners of the dominant tenement can be tacked together to aggregate the 15-year period of prescription only where there is privity between the successive owners, established either by references to the easement in their conveyances or by parol transfers thereof in connection with such conveyances (3 Comp. Laws 1929, § 13964).

22. SAME—ADVERSE USER—TACKING—PAROL TRANSFER—EVIDENCE.

Where defendant claimants to easement of way over beach property of plaintiffs had held title to dominant estate for 13 years and previously thereto had occupied it for many years, evidence of parol transfer of appurtenant easement by defendants' grantor *held,* sufficient to permit tacking of prior adverse user by their grantor to make up the prescriptive period (3 Comp. Laws 1929, § 13964).

23. COSTS—BRIEFS—PARTIES PREVAILING ONLY IN PART.

In suit by owners of servient estate to determine which of the owners of several dominant estates were entitled to an easement of way over plaintiffs' beach property, attorney fees and costs of printing are allowed to defendant-appellee who filed a separate brief in behalf of himself upon affirmance of decree as to him, but no costs on appeal to any other parties filing but a single brief where they prevailed only in part.

Appeal from Berrien; Evans (Fremont), J. Submitted October 14, 1947. (Docket No. 92, Calendar No. 43,426.) Decided January 5, 1948.

Bill by William von Meding and wife against Charles Strahl and others to quiet title to land. Plaintiffs appeal from parts of decree favorable to certain defendants. Modified decree entered in Supreme Court.

*Charles W. Gore* and *Henry Glenn Ross,* for plaintiffs.

*A. E. Brown,* for defendants Baker, Hansen, Erickson, Flanagan, McGaffey, Hillstrom, Dillenbeck, Wilson and Matre.

*John A. Brown, in pro. per.*

Butzel, J.  Plaintiffs-appellants von Meding seek to quiet title to lands in Berrien county in themselves and to restrain many neighboring property owners, including appellees, from using such lands. The lands can be more readily identified by reference to the map hereto attached.  For purposes of this opinion it is unnecessary to give the long legal descriptions of the respective parcels.  The property to which plaintiffs claim exclusive title free from all easements claimed by appellees consists of the property marked "C" together with a 20-foot wide lane beginning at the southeasterly part of "C" and extending 135.5 feet to the east and then 1,050 feet to the south of "C" until it runs into parcel "D".  Parcel "C" and the lanes referred to have been distinguished on the map by shaded lines. There is another lane 250 feet in length west of parcels "D" and "E", which appears to be a continuation of the 1,050-foot strip.  It is not involved in this litigation.  Appellees own various parcels designated by the letters "D" to "L", and the numerals 1 to 11.  In this opinion we shall refer to the lane in question as the "shaded strip."

The record is meager and complicated but it would appear that the land consists mainly of sand. It is located not far from Lake Michigan and has little value except as sites for summer homes.  Appellants acquired the property by warranty deed

dated February 15, 1941, running to them jointly.
The deed contained the limitation that it was sub-
ject to all easements of record for right of way to
the beach and the free use of the beach of parcel
"C"" extending along the shores of Lake Michigan.
Appellants knew when they purchased the property

that certain of the defendants claimed easements. The present action was begun on December 26, 1941: The trial judge stated in his opinion that plaintiff von Meding was motivated by a somewhat selfish desire for exclusiveness and seclusion to which, of course, he is entitled as far as his title permits.

It appears that the shaded strip had been used for many years for ingress and egress to and from the beach, and that steps had been built and the way cleared by people in the vicinity so that they could make free use of the shaded strip to the beach on which parcel "C" borders. Appellants knew of this condition when they bought. It appears that the shaded strip had been used by residents to reach the beach for over 20 years prior to the time title was acquired by appellants. To avoid any misunderstanding, none of the appellees claim that they require the shaded strip as a way of necessity, even though it probably saved many of them very long distances in order to reach the beach in any other way. We can readily see how bathers would be put to great inconvenience if deprived of this use. However, there is no claim that mere convenience establishes any right to the strip. The claims of the various defendants against whom appellants seek to quiet title differ, though many of them involve the same questions and in that case can be grouped together.

We need not discuss the rights of certain defendants who were defaulted and as to whom the trial court properly decreed that plaintiffs were entitled to a decree. Plaintiffs also concede on appeal that defendants Wilson and Carlson, owners respectively of parcels "D" and "E", are entitled to an easement as claimed, and the decree of the lower court therefore is affirmed as to them.

The trial court after a long hearing decreed that certain defendants were entitled to easements ap-

purtenant, some by reason of valid grants of such rights, and others by reason of prescriptive user. Plaintiffs appeal from this determination.

Defendants Flanagan are the owners of parcel "F", and the trial court held that they had acquired an easement appurtenant to this parcel by grant. In December, 1921, Alexander N. Knaute acquired title to parcel "F" from Ada L. Vreeland. At that time Knaute also owned parcel "C". It is appellants' contention that the merger of title to both the dominant estate ("F") and the servient estate ("C") in Knaute extinguished any easement which may have been appurtenant to parcel "F" in parcel "C" and the shaded strip prior to the time of such merger of title. We are of the opinion that they are correct in this contention.

"The union of dominant and servient estates in the same owners extinguishes prior easements. One cannot have an easement in one's own land." *Dimoff* v. *Laboroff*, 296 Mich. 325, 328, citing *Bricault* v. *Cavanaugh*, 261 Mich. 70, and *Morgan* v. *Meuth*, 60 Mich. 238.

This is the universal rule. 2 Walsh, Commentaries on Law of Real Property, p. 682, § 254, and authorities there cited.

Subsequently, on February 15, 1932, Knaute conveyed parcel "C", including the shaded strip, to one Collins, a predecessor in title to plaintiffs, by quitclaim deed without reserving to himself an easement for the benefit of parcel "F". Thus, Collins' title was not subject to a servitude with respect to parcel "F", as the rule is that where an owner who has used a roadway or pathway over one part of his land for the benefit of another part conveys the part over which the road passes, an easement for the benefit of his remaining land can only arise where there are apt words of reservation in the conveyance. No implication of a right of way can arise from proof

that land granted cannot be conveniently occupied without it, since an implied easement cannot rest upon convenience. *Dimoff* v. *Laboroff*, 296 Mich. 325; *Burling* v. *Leiter*, 272 Mich. 448 (100 A. L. R. 1312).

Thus, when Knaute conveyed parcel "F" to defendants' predecessor in title, Payne, in 1938, no easement of way was appurtenant to parcel "F", and no such easement passed with the conveyance.

Flanagans set forth a claim to an easement appurtenant to parcel "F" by virtue of a purported grant of an easement over parcel "C" executed by defendants Wilson on August 27, 1938. It does not appear from the record that the Wilsons had any interest in parcel "C" at the time of this grant other than an easement of way appurtenant to parcel "D", of which they were then the owners. They had no legal right or authority to convey to the Flanagans or to anyone else any rights in parcel "C", or the strip. A right of way cannot very well be granted by deed, estoppel, or otherwise, by anyone but the landowner. *Tapert* v. *Railway Co.*, 50 Mich. 267.

The Flanagans contend in the alternative that they have acquired an easement appurtenant to parcel "F" by prescriptive use. This claim is not sustained by the record. Although the Flanagans may have used said shaded strip and the beach prior to the time they acquired title to parcel "F", they did not do so in connection with any claimed right as appurtenant to parcel "F". Until February, 1932, title to both the dominant and servient estates was in Knaute. Needless to say, one may not acquire prescriptive rights in his own lands. Plaintiffs' bill was filed in 1941, and the required 15-year period of adverse user * could not possibly have

---

* See 3 Comp. Laws 1929, § 13964 (Stat. Ann. § 27.593).—RE-PORTER.

elapsed subsequent to the severance of the dominant and servient estates from single ownership. The trial court was in error in awarding an easement to defendants Flanagan with respect to parcel ''F''.

Defendants Hillstrom are the owners of parcel ''G'', and the trial court held that they were entitled to an easement appurtenant to this parcel. It appears that from February 6, 1912, to August 9, 1932, title to parcel ''G'' was in one John Erdman. The Hillstroms allege in their answer to the bill of complaint that John Erdman occupied parcel ''G'' continuously during his period of ownership, but we can find nothing in the record or reference in the briefs to the effect that during this period Erdman asserted any rights to the claimed easement or used the way under claim of right. On August 9, 1932, Erdman conveyed parcel ''G'' to Alexander N. Knaute by a warranty deed which contained no mention of an easement. Knaute had previously been the owner of parcel ''C'', but had parted with his interest therein prior to the time he acquired title to parcel ''G''. On September 10, 1932, Knaute and his wife executed a mortgage to Erdman, the instrument purporting to mortgage and convey not only parcel ''G'', but also a right of way over parcel ''C'', describing the right of way by metes and bounds. This mortgage was recorded, and was subsequently foreclosed. The land was sold at foreclosure sale to Erdman, and on August 14, 1935, Erdman received a sheriff's deed to the property described in the mortgage, said deed conveying ''all the said lands and tenements hereinbefore described, with the appurtenances and all the estate, right, title and interest which the said mortgagor (Knaute) had in the said lands and tenements and every part thereof, on the 10th day of September in the year of our

Lord one thousand nine hundred thirty-two, that being the date of said mortgage; or at, any time thereafter.''

On January 9, 1937, Erdman executed a warranty deed to defendants Hillstrom conveying parcel ''G'' ''with the use of a right of way to beach, same right of way described as an easement,'' over the shaded strip. This deed was recorded on January 11, 1937. It appears from the record that defendants Hillstrom have used the shaded strip as a right of way to the beach since taking possession of parcel ''G'' in 1937.

No showing has been made that the claimed easement was appurtenant to parcel ''G'' at the time of the conveyance from Erdman to Knaute. Neither is there any showing made that Knaute had any right or authority to mortgage or convey the claimed easement at the time he executed the mortgage to Erdman. The sheriff's deed could convey, at the most, only the interest which Knaute, the mortgagor, had in the mortgaged premises. Since Knaute had no interest in the servient tenement at the time he executed the mortgage, no rights therein were created or transferred thereby. Consequently, the conveyance from Erdman to the Hillstroms could not create or transfer any rights to the shaded strip.

It is the claim of the defendants that the effect of recording the mortgage, the sheriff's deed, and the deed from Erdman to them was to put the plaintiffs on notice of defendants' claim to an easement, and that inasmuch as the deed under which plaintiffs acquired title to parcel ''C'' subjects their title to ''all easements of record for right of way to and from the beach'' (quoting from the deed), plaintiffs took title subject to defendants' rights.

We agree that the recording of the instruments in defendants' chain of title put the subsequent owners

of parcel ''C'' on notice of claimed rights to an easement of way. Had plaintiffs failed to timely contest the claim and had defendants continued to make use of the way under such claim of right during the required period, the claimed rights would have ripened into legal rights. But the recording of an instrument cannot, of itself, make an invalid grant valid. In effect, it is contended that one may convey away another's land, and that the mere recording of the conveyance by the grantee, without more, gives rise to rights against subsequent purchasers of the land. To state the contention in this form demonstrates its fallacy.

What is meant by the recital ''subject to all easements of record for right of way to and from the beach'' in plaintiffs' deed? We are of the opinion what was meant was ''subject to all *valid* easements of record.'' See *Carter* v. *Cemansky,* 126 Iowa, 506 (102 N. W. 438), wherein it was said:

''The recital 'subject to all incumbrances,' without more, does not estop a grantee from pleading the invalidity of any such incumbrances. It means no more than 'subject to all valid incumbrances,' and was introduced no doubt to avoid action for breach of covenant, express or implied.''

We have carefully examined the brief of defendants and supplemental brief of defendants Hillstrom but find therein no citation of authority to support their contention.

The court erred in awarding defendants Hillstrom an easement appurtenant to parcel ''G''.

Defendants Hansen, Erickson, Baker and John A. Brown are the owners respectively of parcels ''H'', ''I'', ''J'' and ''L''. We are of opinion that the record sustains their claim to an easement by grant. On December 13, 1921, the title to parcels ''H'', ''I'',

"J" and "L" was in Ada L. Vreeland, and the title to parcel "C" was in Alexander N. Knaute. On that date, Knaute conveyed to Miss Vreeland, by quitclaim deed, "An easement and the right to the right of way for a road over, thru and across" parcel "C".

. Plaintiffs contend first, that inasmuch as words of inheritance were not used in this conveyance, no estate of inheritance was created. Section 3 of Act No. 187, Pub. Acts 1881 (3 Comp. Laws 1929, § 13323 [Stat. Ann. § 26.573]) answers this contention:

"It shall not be necessary to use the words 'heirs and assigns of the grantee' to create in the grantee an estate of inheritance; and if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed."

Plaintiffs next contend that this conveyance created at most only a personal right, *i.e.*, an easement in gross, which was not assignable. It is the established rule in this jurisdiction that an easement will never be presumed to be a mere personal right where it can fairly be construed to be appurtenant to some other estate. *Akers* v. *Baril,* 300 Mich. 619. Whether an easement is in gross or appurtenant must be determined by the fair interpretation of the grant or reservation creating the easement, aided if necessary by the situation of the property and the surrounding circumstances.

The circumstances surrounding the giving of this deed, in our opinion, justify the conclusion that the parties intended that an easement appurtenant to lands then owned by Ada L. Vreeland in the vicinity be created. In the same month, *i.e.*, December, 1921, Miss Vreeland conveyed parcels "D", "E" and "F" to Knaute. Prior to that time Miss Vreeland had owned an extensive tract including parcels "H", "I", "J" and "L". It seems obvious to us that it

was the intention of the parties that the right of way inure to the benefit of the lands owned by Miss Vreeland.

An appurtenant easement exists for the benefit of the dominant tenement as a whole, and not alone for any particular part thereof. Thus, if the dominant estate is divided, the right is not destroyed. The owner or assignee of any portion of that estate may claim the easement so far as it is applicable to his part of the property, so long as an unreasonable burden is not imposed upon the servient estate. *Henkle* v. *Goldenson,* 263 Mich. 140; *Bang* v. *Forman,* 244 Mich. 571.

Where an easement becomes annexed to land, either by grant or prescription, it passes as an appurtenance with a conveyance or devise of the dominant estate, although not specifically mentioned in the deed or will, or even without the use of the term "appurtenances." *First National Trust & Savings Bank* v. *Smith,* 284 Mich. 579 (116 A. L. R. 1074); *Sullivan* v. *O'Brien,* 235 Mich. 245; *Greve* v. *Caron,* 233 Mich. 261; *Stockdale* v. *Yerden,* 220 Mich. 444; *Wortman* v. *Stafford,* 217 Mich. 554; *Walz* v. *Walz,* 101 Mich. 167.

Thus, the successors in title to Ada L. Vreeland to parcels "H", "I", "J" and "L" are entitled to the same rights she had, *i.e.,* an easement appurtenant to their respective parcels.

Plaintiffs also urge that the deed from Knaute to Vreeland was ineffective to create the easement claimed because it incorrectly described the way. We have examined the deed and record and are of the opinion that the description is substantially correct. There is evidence that the bounds of the way were staked out as early as 1916. We believe that there was no question as to what was intended to be conveyed by the deed.

Defendant McGaffey, the owner of parcel 6, claims an easement appurtenant to her land by virtue of a conveyance of a right of way by Alexander N. Knaute on December 13, 1921. As pointed out above, Knaute was the owner of parcel "C" on that date. Mrs. McGaffey was the owner of parcel 6, and her ownership of that parcel has continued unbroken to the date plaintiffs' bill of complaint was filed. The deed is in the same form as the deed previously discussed from Knaute to Vreeland and was given on the same day. For the same reasons we assigned above with respect to that deed, we are of the opinion that Mrs. McGaffey has an easement appurtenant to her land.

Defendants Dillenbeck, Matre and Hansen are the owners respectively of parcels 2, 4 and 10. The trial court found that these defendants had established their claim to an easement appurtenant to their respective tracts by prescription. We have read the record carefully, and it contains clear and cogent evidence to sustain such finding.

The record shows that the Dillenbecks acquired their parcel in 1907, the Matres acquired theirs in 1920, and the Hansens acquired theirs in 1922. All of these defendants have continuously occupied their parcels since those dates and have used the easement under claim of right during the period.

There was evidence that the boundaries of the way were staked out as early as 1916 when parcel "C" was carved out of a larger tract of land in single ownership. The way had been cleared of underbrush and was in use in 1918, at which time a "trolley" device which ran from the top of a sand dune down to the beach was in existence and being used as a joy ride and a means of access to the beach. There is abundant testimony in the record by defendants' witnesses that the way was in use contin-

uously through the period from the time it was laid out until the present suit was started.

Plaintiffs' principal rebuttal witnesses testified in substance that the right of way did not come into general use until 1931 or 1932, and that prior to that time there was no clearly defined path. In our opinion testimony of these witnesses was discredited by the revelation in cross-examination that they were defendants who had been defaulted but who were using the right of way under permission from plaintiffs and expected to be allowed to continue such use in the future. It was further discredited by a showing that their mother, also a defendant in the case, had filed a plea in the cause in the form of a letter in which she claimed that she and her family, which included the witnesses, had used the right of way continuously for over 20 years. She failed to file a proper answer and was defaulted. The witnesses admitted the genuineness of the letter when confronted with it, but flatly contradicted their mother as to the statement made therein.

The trial court had the witnesses before it. We find no reason to disturb his findings on the evidence of adverse user.

Plaintiffs contend that inasmuch as the only use of the way in question and of the beach was during the summer months, the defendants have not shown that their user has been "continuous" during the period. The rule as to continuity of user was stated in *St. Cecelia Society* v. *Universal Car & Service Co.*, 213 Mich. 569, 577, as follows:

"The correct rule as to continuity of user, and what shall constitute such continuity, can be stated only with reference to the nature and character of the right claimed. An omission to use when not needed does not disprove a continuity of use, shown by using it when needed, for it is not required that a

person shall use the easement every day for the prescriptive period. It simply means that he shall exercise the right more or less frequently, according to the nature of the use to which its enjoyment may be applied."

This leaves only the rights of defendants Flanagan, owners of parcel 11, to be discussed. No claim is made that these defendants are entitled to an easement by grant as to this parcel. They claim, and the trial court held, that they have acquired an easement by prescription.

The Flanagans have owned parcel 11 since September 15, 1928, on which date they received a warranty deed to the property from Emma Parmalee Dillenbeck. Defendants have shown 13 years adverse user of the way, from 1928 to 1941, when plaintiffs' suit was commenced. They can sustain their claim if it is possible to tack to their 13 years the prior adverse user of Mrs. Dillenbeck.

The rule is established in this jurisdiction that successive periods of adverse user by owners of the dominant tenement can be tacked together to aggregate the 15-year period of prescription only where there is privity between the successive owners established either by references to the easement in their conveyances or by parol transfers thereof in connection with such conveyances. *Stewart* v. *Hunt*, 303 Mich. 161; *Zemon* v. *Netzorg*, 247 Mich. 563.

We are satisfied from the record that the Flanagans, owners of parcel 11, were well acquainted with the Dillenbecks from whom they acquired the title, that they had visited and remained on the property and had used the strip for many years prior to their acquisition of the title to the property. The easement was so jointly used by the neighbors, that it was considered as appurtenant to all of the lands. The conclusion is inescapable that in 1928 when the

Flanagans purchased the land, the parties must have understood that an easement was appurtenant to the land, parcel 11. Undoubtedly it was the intention of Dillenbeck to transfer her rights to the easement to the Flanagans. The record leads us to the conclusion that there was a parol transfer by Mrs. Dillenbeck to the Flanagans of her rights in the easement sufficient to permit the Flanagans to tack the prior adverse user of Mrs. Dillenbeck to their own adverse user to make up the prescriptive period.

The record further shows that the parties who claim an easement by prescriptive use of the land did so openly, notoriously and adversely. The record does not show it but it is probable that with the small value that these lands had years ago, the owners of the fee would not oppose this adverse user, particularly when the claimants to the easement by prescription and adverse user built steps, cleaned out the poison ivy, and made other improvements to the strip. The former owners of parcel ''C'' made no objection for they benefited by the improvements made by the neighboring property owners. The record is clear that the former owners of parcel ''C'' never granted the use of the easement except to those who had specific grants as hereinbefore referred to. The use by the others was adverse.

The decree of the trial court is herewith affirmed, except as to parcels ''F'' and ''G''; as to those parcels, it is reversed. Appellee John A. Brown filed a separate brief in behalf of himself and he may recover costs of printing and regular attorney fees. No costs will be allowed on the appeal to any of the other parties. Appellants have not fully prevailed and there was only one brief filed on behalf of the other appellees, some of whom have not prevailed on this appeal.

A decree may be entered in this Court in accordance with this opinion.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.