# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID W. UNDERWOOD,

      Plaintiff/Counterdefendant-
      Appellant,

v

WALLOON LAKE COUNTRY CLUB,

      Defendant/Counterplaintiff-
      Appellee,

and

ARTHUR S. COSLER III LIVING TRUST, by
Co-Trustees ARTHUR S. COSLER III and
MARGARET L. COSLER, WATCHTOWER
BIBLE & TRACT SOCIETY OF NEW YORK,
INC., and WALTER J. KIDD,

      Defendants.

UNPUBLISHED
October 9, 2018

No. 339949
Charlevoix Circuit Court
LC No. 15-009625-NZ

Before: BOONSTRA, P.J., and O'CONNELL and TUKEL, JJ.

PER CURIAM.

Plaintiff, David W. Underwood, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in favor of defendant, Walloon Lake Country Club (WLCC). We affirm.

## I. BACKGROUND

In October 1940, WLCC conveyed by warranty deed a 1.414-acre parcel of land to Underwood's predecessor in title, William Hoagland. The deed conveyed the property

> SUBJECT to the following restrictions and reservations, which restrictions and reservations shall continue to be operative so long as the remaining property of the Walloon Lake Country Club shall continue to be used as a golf course, but no longer, viz: (a) No structure shall be erected on the premises, except one building for the purpose of an open summer shelter which shall not occupy more than 36

-1-

square yards of ground area, which shall not be over 15 feet high at any point and which shall not be located nearer than 20 feet from any boundary line of said property, (b) the right to enter upon said described premises is reserved to the players and caddies using the said golf course, solely for the purpose of retrieving golf balls, (c) subject to town line road, (d) that portion of the above described premises which lies east of a north and south line approximately 75 feet west of the above described eastern boundary shall be reserved for the use of and be maintained by the Walloon Lake Country Club.

After Hoagland's death, the property went to Hoagland's widow in 1951. She then conveyed the property to her trust in 1996, and the trustee conveyed the property to her son, Arthur Cosler, in 2005. None of these conveyances included the restrictions contained in the 1940 deed. Cosler and his wife, Margaret Cosler, conveyed the property to themselves as co-trustees in February 2011 in a deed that included a reference to the "building and use restrictions and easements of record." Arthur conveyed a one-third interest to the Watchtower Bible & Tract Society of New York in April 2014, but this deed referred to no reservations or restrictions. Later in April 2014, the Coslers, as trustees, and the Watchtower Bible & Tract Society of New York conveyed the property to Underwood, subject to "Restrictions and Reservations as disclosed by" the 1940 deed.

Pertinent to this appeal, Underwood filed a complaint challenging the validity of the restrictions in the 1940 deed. Underwood maintained that the marketable record title act (MRTA), MCL 565.101 *et seq*., extinguished the building restrictions in the 1940 deed so that the reference to the restriction in the 1940 deed was invalid. He sought to quiet title to the 75-foot strip of land described in paragraph (d) of the easement in the 1940 deed. Underwood also asked for a declaration that the easement described in paragraph (d) was not exclusive. The trial court ruled in favor of WLCC. On appeal, Underwood argues that the MRTA extinguished the restrictions contained in the 1940 deed and that WLCC's easement was not exclusive.

II. ANALYSIS

A. MRTA

Underwood argues that the trial court erred by ruling that the 2014 deed conveying the property to Underwood revived the 1940 deed restrictions. Underwood maintains that the restrictions could not have been revived because they were extinguished by MRTA prior to the 2014 conveyance. When reviewing an action to quiet title, we review legal and equitable claims de novo, and we review the trial court's findings of fact for clear error. *Jonkers v Summit Twp*, 278 Mich App 263, 265; 747 NW2d 901 (2008). Findings of fact are clearly erroneous when this Court is left with the definite and firm conviction that the trial court made a mistake. *Castro v Goulet*, 312 Mich App 1, 3; 877 NW2d 161 (2015). This Court reviews de novo questions of statutory interpretation, the proper interpretation of a contract, and a trial court's decision on a motion for summary disposition. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012). Summary disposition is appropriate under MCR 2.116(C)(10) when, viewing the evidence in a light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 488; 892 NW2d 467 (2016).

An action to quiet title serves to "determine the existing title to property by removing any cloud therefrom." *Ingle v Musgrave*, 159 Mich App 356, 365; 406 NW2d 492 (1987). Underwood's action to quiet title is premised on the MRTA, which guarantees marketable record title to a person "who has an unbroken chain of title of record to any interest in land for . . . 40 years . . . ." MCL 565.101. A claim against title must be preserved by written notice. MCL 565.103. Absent such notice, a claim affecting an interest in land that arose out of "any act, transaction, event, or omission antedating . . . the 40-year period" is extinguished. MCL 565.106. The MRTA does not

> bar or extinguish any easement or interest in the nature of an easement, or any rights appurtenant thereto granted, excepted or reserved by a recorded instrument creating such easement or interest, including any rights for future use, if the existence of such easement or interest is evidenced by the location beneath, upon or above any part of the land described in such instrument of any pipe, valve, road, wire, cable, conduit, duct, sewer, track, pole, tower, or other physical facility and whether or not the existence of such facility is observable, by reason of failure to file the notice herein required. [MCL 565.104.]

The legislative purpose underlying the MRTA is to simplify and facilitate land title transactions. MCL 565.106. "[T]he fundamental purpose of the statute was to erase all ancient mistakes and errors so that if a party enjoyed a record title for forty years," other competing claims of record would be extinguished if a party had no notice of those claims. *Fowler v Doan*, 261 Mich App 595, 600, 602; 683 NW2d 682 (2004) (quotation marks and citation omitted).

Whether the MRTA extinguished the 1940 deed restrictions does not resolve the dispute in this case because the 2014 deed conveying the property to Underwood clearly referred to the restrictions and reservations stated in the 1940 deed. This Court must construe a deed "to give effect to the parties' intent as manifested in the language of the instrument." *Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 370; 699 NW2d 272 (2005). We must give effect to the language in a deed if it is clear and unambiguous. *Minerva Partners, Ltd v First Passage, LLC*, 274 Mich App 207, 216; 731 NW2d 472 (2007). The 2014 deed conveying the property to Underwood clearly states that the conveyance is "SUBJECT TO Restrictions and Reservations as disclosed by" the 1940 deed. Accordingly, pursuant to the plain language of the deed, the Coslers conveyed the property to Underwood subject to those restrictions, including the building restriction stated in paragraph (a) of the 1940 deed.

Underwood does not dispute that he knowingly agreed to purchase the property subject to that restriction. Underwood does not cite any authority that would prevent the Coslers from including a reference to the 1940 deed restrictions even though those rights and restrictions had been extinguished. For this reason, this case is distinguishable from *von Meding v Strahl*, 319 Mich 598; 30 NW2d 363 (1948), overruled in part on other grounds by *Harrison v Heald*, 360 Mich 203; 103 NW2d 348 (1960). In *von Meding*, our Supreme Court held that the phrase "subject to all easements of record" meant "subject to all *valid* easements of record." *von Meding*, 319 Mich at 606 (quotation marks and citation omitted). In this case, the 2014 deed did not merely refer to a previously-recorded easement. Rather, it referred to the terms of that easement, using a reference to the previously-recorded restrictions to define the scope of the restrictions established in the 2014 conveyance. The Coslers' intent to convey the property

subject to the building restrictions is apparent in the language of the deed. Therefore, the trial court properly granted summary disposition in favor of WLCC on this claim.

## B. EXCLUSIVE EASEMENT

Underwood argues that he is entitled to reasonable use of the 75-foot parcel encumbered by the easement in paragraph (d), contending that it was not intended for WLCC's exclusive use. When the language of an easement is plain and unambiguous, it is applied as written. *Little v Kin*, 468 Mich 699, 700; 664 NW2d 749 (2003). If it is ambiguous, a trial court may consider extrinsic evidence to determine the scope of the easement. *Id*. "The extent of a party's rights under an easement is a question of fact, and a trial court's determination of those facts is reviewed for clear error." *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005).

"An easement is the right to use the land of another for a specific purpose." *Bowen v Buck & Fur Hunting Club*, 217 Mich App 191, 192; 550 NW2d 850 (1996). "An easement does not displace the general possession of the land by its owner, but merely grants the holder of the easement qualified possession only to the extent necessary for enjoyment of the rights conferred by the easement." *Schadewald v Brulé*, 225 Mich App 26, 35; 570 NW2d 788 (1997). "[T]he owner of the servient estate may make any use of the premises not inconsistent with the easement." *Harr v Coolbaugh*, 337 Mich 158, 165-166; 59 NW2d 132 (1953) (quotation marks and citation omitted). "Typically, the owner of a servient estate may continue to use land encumbered by an easement." *Dep't of Natural Resources*, 472 Mich at 374. "The owner of an easement cannot materially increase the burden of it upon the servient estate or impose thereon a new and additional burden." *Schadewald*, 225 Mich App at 36.

In this case, the easement was created by express reservation in the 1940 deed. The trial court found the language of the easement unambiguous. The trial court found that paragraph (d) created an exclusive easement, when compared with the more specific terms of paragraph (b) in the 1940 deed restrictions. Exclusive easements are generally disfavored. *Penrose v McCullough*, 308 Mich App 145, 152; 862 NW2d 674 (2014). Nonetheless, a predisposition against exclusive easements does not prevent courts from finding that an easement is exclusive. Although paragraph (d) does not contain the term "exclusive," the text of the easement reserves the easement's use to WLCC without limiting the scope of the use. Unlike paragraph (b), which reserved the right to use the subject property for limited purposes, paragraph (d) does not limit WLCC's use of the 75-foot premises. Rather, paragraph (d) states that that particular part of the subject property "shall be reserved for the use of and be maintained by the Walloon Lake Country Club." The trial court properly found that the language of paragraph (d) of the 1940 deed was unambiguous, and it did not err by finding that that WLCC had an exclusive right to use the 75-foot piece of land.

Plaintiff contends that the easement is ambiguous, arguing that the 75-foot strip of land would not have been conveyed if WLCC intended to maintain exclusive use of it. Plaintiff's contention fails to acknowledge that the 1940 deed stated that the restrictions and reservations "shall continue to be operative so long as the remaining property of the Walloon Lake Country Club shall continue to be used as a golf course, but no longer." Should WLCC cease operations as a golf course, it would have no remaining interest in the 75-foot easement. The trial court

properly granted summary disposition under MCR 2.116(C)(10) because there is no genuine issue of material fact with respect to the scope of the easement.

We affirm.

/s/ Mark T. Boonstra
/s/ Peter D. O'Connell
/s/ Jonathan Tukel