STOCKDALE v. YERDEN.

1. EASEMENTS—EASEMENT APPURTENANT PASSES WITH THE DOMINANT ESTATE.

Where a grantor sold part of his land, reserving a right of way across it for the purpose of removing timber on the part of his land unconveyed, and a few days later conveyed the remainder of his land, reserving the right to remove the timber thereon within three years after said premises were flowed, if the reservation of the right

of way constituted an easement appurtenant, it passed with the dominant estate when it was conveyed, and did not pass to the purchaser by oral contract of the reserved standing timber.

2. SAME—EASEMENT IN GROSS NOT ASSIGNABLE.
Since both parcels of land were conveyed within a few days of each other, and the manifest purpose of said reservation was to provide a right of way for the removal of the reserved timber, the easement was not appurtenant to the dominant estate, but was only an easement in gross, which was not assignable to the purchaser of the reserved timber.

Appeal from Allegan; Cross (Orien S.), J. Submitted June 9, 1922. (Docket No. 70.) Decided November 2, 1922.

Bill by Charles Stockdale against Orrin F. Yerden and another to enjoin the obstruction of an easement. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*Ira C. Montague,* for plaintiff.

*Clare E. Hoffman,* for defendants.

WIEST, J.     October 5, 1908, Arthur W. Harrington, owner of 101 acres of land in Allegan county, sold and conveyed the same to defendants' grantors, excepting 19 1/3 acres at the rear, and reserved in the deed a right of way across the conveyed premises for the purpose of removing the timber on the land excepted, and gave to the grantees in the deed the right to use the 19 1/3 acres until flowed.

October 29, 1908, Mr. Harrington sold and conveyed the 19 1/3 acres of land to W. A. Foote, and in the deed made the following reservation:

"First party reserves the right to cut and remove the standing timber at any time before said premises are flowed by second party or his assigns, and he also

reserves for himself or his assigns the right to pasture said premises when same are not flowed and he may remove any timber left by him within three years after said premises are flowed."

The plaintiff, about 10 years ago, without any writing, purchased from Mr. Harrington the timber, then standing, together with the right to remove the same within the time specified in the conveyance to Mr. Foote, and paid therefor the sum of $250. The premises have not yet been flowed. Plaintiff removed timber from the premises over the land of defendants for six years. In September, 1921, plaintiff attempted to pass over defendants' land for the purpose of removing timber from the 19 1/3 acres and was stopped by defendants. Thereupon the bill herein was filed by plaintiff, and upon the hearing a decree was granted restraining defendants from interfering with plaintiff's right to cross over their premises for the purpose of removing the timber until three years after the flowing of the 19 1/3 acres.

Defendants insist that, at the most, Mr. Harrington possessed an easement in gross across their premises, limited in purpose and to a reasonable time, and as such it was not assignable to plaintiff.

Plaintiff contends that Mr. Harrington reserved the right of way in the deed for the purpose of removing the timber on the 19 1/3 acres and such reservation gave to Mr. Harrington and to plaintiff the right to use the way for the purpose designated.

If the reservation in the deed from Mr. Harrington to defendants' grantors constituted an easement appurtenant, such easement passed with the dominant estate when it was conveyed to Mr. Foote. Evidently Mr. Harrington at the time of selling the 81 2/3 acres to defendants' grantors contemplated the sale of the 19 1/3 acres with a reservation of the standing timber, as he made such sale within a few days. To permit

him to remove the timber he provided for the right of passage over defendants' land. Having in mind the reservation in the deed and the manifest purpose thereof, the easement was not appurtenant to the dominant estate but only an easement in gross. As an easement in gross it was not assignable to plaintiff.

The question is so well covered in *Boatman* v. *Lasley*, 23 Ohio St. 614, that we quote therefrom:

"Is a private right of way over the land of another, in gross, such an interest or estate in land as may be cast by descent, or may be assigned by the grantee to one who has no interest in the land?   *   *   *

"It is strongly insisted upon, in argument, that a right of way in gross may be conveyed to the grantee 'and to his heirs and assigns forever,' because an owner in fee may carve out of his estate any interest less than the whole and dispose of the less estate absolutely; and this because the power to dispose of the whole estate includes a power to dispose of any part of it.

"This argument assumes the affirmative of the very question in controversy, to wit, that such a right of way is an interest or estate in the land.

"A mere naked right to pass and repass over the land of another, a use which excludes all participation in the profits of the land, is not, in any proper sense, an interest or estate in the land itself.   Such a right is in its nature personal; it attaches itself to the person of him to whom it is granted, and must die with the person.

"If such right be an inheritable estate, how will the heirs take?   In severalty, in joint tenancy, in coparcenary, or as tenants in common?   If not in severalty, how can their interests be severed?

"If it be assignable, what limit can be placed on the power of alienation?   To whom and to how many may it be transferred?   Why not to the public at large, and thus convert into a public way that which was intended to be a private and exclusive way only?

"Where the way is appendant or appurtenant to other lands, very different considerations arise.   There the right attaches to the lands to which the way is

appurtenant, because it is granted for the convenience of their occupation without respect to the ownership or number of occupants. In such case the right of way passes with the dominant estate as an incident thereto. A right of way appendant can not be converted into a way in gross, nor can a way in gross be turned into a way appendant.

"A very marked distinction also exists between a way in gross and an easement of *profit a prendre;* such as the right to enter upon the lands of another, and remove gravel or other materials therefrom. The latter so far partakes of the nature of an estate in the land itself, as to be treated as an inheritable and assignable interest. *Post* v. *Pearsall,* 22 Wend. (N. Y.) 432. * * *

"Mr. Washburn in his work on Easements, page 8 par. 11, states the law upon this subject as follows:

"'A man may have a way in gross over another's land, but it must, from its nature, be a personal right not assignable or inheritable; nor can it be made so by any terms in the grant, any more than a collateral and independent contract can be made to run with the land.'

"See, also, *Ackroyd* v. *Smith,* 10 C. B. 164; *Garrison* v. *Budd,* 19 Ill. 558; *Post* v. *Pearsall, supra;* Woolrych on Ways, 20; 2 Black. Com. 35; 3 Kent's Com. 420, 512."

In 9 R. C. L., p. 739, it is stated:

"Under the rule that there can be no easement without a distinct dominant tenement, there can, in strictness, be no such thing as an easement in gross. There is, however, a class of rights which are impressed upon the land of one person in favor of another person or other persons, and not in favor of another tract of land, and these rights are sometimes spoken of by courts and legal writers as 'easements in gross.' An easement in gross is defined as a mere personal interest in the real estate of another. The principal distinction between it and an easement appurtenant is found in the fact that in the first there is, and in the second there is not, a dominant tenement. The easement is in gross, and personal to the grantee, because it is not appurtenant to other premises. The

great weight of the authorities supports the doctrine that easements in gross, properly so called because of their personal character, are not assignable or inheritable, nor can they be made so by any terms in the grant.   Many cases which seem to be in conflict with this rule are reconcilable because under their facts the rights in question were *profits a prendre* and not easements in gross."

Plaintiff has no right of way over the premises of defendants.   The decree entered below is reversed and one will be entered here dismissing the bill, with costs to defendants.

FELLOWS, C. J., and McDONALD and BIRD, JJ., concurred.   CLARK, MOORE, and STEERE, JJ., did not sit.

SHARPE, J. *(concurring)*.   By the reservation in his deed to defendants' grantors, Harrington created an easement in the 81 2/3 acres conveyed for the benefit of the 19 1/3 retained by him.   This easement, an interest in land, even if not transferred by the deed to Foote, did not pass to plaintiff on his parol purchase of the standing timber.   Such sale but amounted to a revocable license to remove the timber.   The assignment of an easement must be in writing.   3 Comp. Laws 1915, § 11975.