GAY *v.* WILSON.

1. EASEMENTS—CONTINUOUS   USER—PRESCRIPTIVE   RIGHTS—EVIDENCE.

Evidence adduced in suit relative to ownership of interests in a strip of land from nearly 5' to nearly 8' wide and over 51' long, established continuous user of such land as a rear entrance by defendant owner of adjoining parcel and his tenants and predecessor occupants for at least 21 years prior to present suit (CL 1948, § 609.1).

2. SAME—TACKING OF USERS.

User of plaintiff's narrow parcel of land by defendant for period of 7 years immediately preceding suit may be tacked to that of defendant's predecessor in title and its tenants for 14 years theretofore where proofs show a common understanding as to user over many years by all persons connected with the abutting parcels and an oral transfer of right of ingress and egress over such strip from defendant's predecessor to defendant (CL 1948, § 609.1).

3. SAME—NOTICE OF USER.

Owners of parcel of land varying in width from nearly 5' to nearly 8' and over 51' long were chargeable with knowledge

———

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 17 Am Jur, Easements, § 55 *et seq.*
[2, 4] 1 Am Jur, Adverse Possession, § 151; 17 Am Jur, Easements, § 61.
[3] 1 Am Jur, Adverse Possession, §§ 139, 140.
[4] 1 Am Jur, Adverse Possession, § 153.

and acquiescence in user thereof by owners and tenants of adjoining land at east end thereof where easterly 30′ were covered by an enclosed porch with doors at either end that were never blocked nor objections made to user of the passageway by defendant or his predecessor in title or their tenants.

4. SAME—LANDLORD AND TENANT.
    A tenant's user of an adjoining property inures to the benefit of the landlord if latter has conferred upon the former any authorization of such use.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 6, 1950. (Docket No. 29, Calendar No. 44,608.) Decided March 1, 1950.

Bill by Fred N. Gay against Ralph A. Wilson and others for appointment of trustee to sell lands formerly owned by a corporation. Decree appointing receiver to sell property subject to easement of defendants Wilson and others. Plaintiff appeals. Affirmed.

*Voorhies, Long, Ryan & McNair,* for plaintiff.

*Forbes S. Hascall* (*Hill, Essery, Lewis & Andrews* and *Thomas H. Adams,* of counsel), for defendants Wilson.

BUSHNELL, J. Plaintiff Fred N. Gay, an employee of the S. S. Kresge Company, is the assignee of heirs of a shareholder of the First State Realty Company, a Michigan corporation, which was dissolved in 1920. As such he is the owner of an undivided one-sixth interest in any assets the realty company may still possess. In 1947 Gay filed a bill of complaint under the general corporation act (CL 1948, § 450.75a [Stat Ann 1946 Cum Supp § 21.75(1)]), seeking the appointment of a trustee to sell a parcel of land in the city of Birmingham. A plat of the lands in question is appended hereto.

Exhibit 15·A

In 1896 Frank Hagerman conveyed lands now known as lots 6 and 7 of assessor's plat No 19, except parcel 6d thereof. This parcel was then owned by the village of Birmingham on which it had a fire tower. Hagerman's grantee, Frank Ford, erected a 2-story building, covering lot 7, which is still being used. In 1916, Ford conveyed parcels 7a to First State Savings Bank, and 7b, 7c, 6a, 6b, 6c, and his interest in 6e to the First State Realty Company. About a month later the realty company conveyed parcel 6b to Frank Schlaack, one of its shareholders, and granted him an easement over parcel 6a. In 1920, the realty company conveyed parcels 7b and 6c, together with an easement of way over 6a to Will W. Masters. Parcel 7c was conveyed during the same year to Fred L. Young and wife, thus leaving title in the realty company only to parcel 6a, subject to easements of record in favor of parcels 6b and 6c. The realty company then filed with the secretary of State a certificate of change of attitude, giving as the reason a transfer of all its assets to an individual.

In 1926 the Youngs sold parcel 7c to the First State Savings Bank. The bank had previously acquired title to parcels 7a from Ford and 7b from Masters. In 1935, the bank leased parcels 7a and 7b to Ralph A. Wilson, one of the defendants herein, and others, and in 1938 leased parcel 7c to Wilson. In 1940 the receiver quitclaimed all of lot 7 (parcels 7a, 7b and 7c) to Wilson, who now has title.

Title to parcels 6b, 6c and 6d was acquired by William G. McBride. Parcel 6e, originally a narrow private alley is now a public alley. Parcel 6a abuts this alley on the northeast. The southerly line of parcel 6a extends along the north lines of parcels 6c and 6b. The northerly line of parcel 6a runs along the southerly line of lot 8. The easterly line of parcel 6a extends 7.7 feet along the westerly line

of parcel 7c. The building on 7c has a door opening on 6a, as do the buildings on parcels 6b and 6c. The surface of 6a is paved. It's size is 4.83 x 56.5 x 7.7 x 51.02 feet. A building on lot 8, occupied by the S. S. Kresge Company, extends along the easterly 30 feet of 6a. Parcel 6a is inclosed for this distance by an overhead porch. At the westerly end of this porch is a wooden framework extending to the ground, in which there is another door.

Parcel 7c was occupied from 1920 to 1926 by Young, who conducted a shoe store therein. From 1927 to 1931, under the bank's ownership, this building was rented for a market, and the rear door was used continuously by the tenant. Parcel 7c was thereafter occupied by a dress shop tenant for 4 or 5 years. An American Legion Post subsequently used the building. Defendant Wilson has been operating a drugstore in the premises since 1938.

The trial judge found as follows: That the First State Realty Company is the owner of parcel 6a; that defendant Wilson has acquired an easement by prescription over this parcel; and that it should be sold subject to Wilson's easement and others of record.

The problem presented on plaintiff's appeal is one largely of sufficiency of proof. It is unnecessary to repeat the basis and elements of prescriptive rights which are stated in *Dummer* v. *United States Gypsum Company,* 153 Mich 622; *Bean* v. *Bean,* 163 Mich 379; and *St. Cecelia Society* v. *Universal Car & Service Co.,* 213 Mich 569. See CL 1948, § 609.1 (Stat Ann § 27.593).

The proofs are clear that each occupant of parcel 7c in the daily routine of business frequently used parcel 6a as a rear entrance for at least 21 years prior to the present suit. Plaintiff claims that nonuser during the vacancies between bank tenants interrupted the required continuity. Wilson, who has

been intimately familiar with the property since 1930, testified that vacancies never lasted for more than a month or two. David Levinson, an assistant receiver of the bank, stated that no substantial period of vacancy intervened between tenants. Bert J. Church, who was employed as janitor by the bank and its receiver from 1926 to 1941, testified regarding continuous use of the doorway at the rear of parcel 7c and access therefrom across 6a to the alley. He said that he always used this way to clean up the stores when a tenant moved out and in preparing the premises for the next occupant. This testimony establishes continuous user and nonabandonment. *Rayner* v. *Lee,* 20 Mich 384; *Cornwell Manfg. Co.* v. *Swift,* 89 Mich 503, 519; and *Dummer* v. *United States Gypsum Co., supra.*

Wilson's user of parcel 6a from 1940 to 1947 may be tacked to that of the bank and its tenants from 1926 to 1940. The proofs show a common understanding as to user over many years by all persons connected with the parcels. Wilson was informed by the receiver at the time of the conveyance to him that the bank had the right of ingress and egress from 7c over 6a. This is a sufficient oral transfer of that right. *Von Meding* v. *Strahl,* 319 Mich 598, 614.

The record further contains ample evidence that the owners of parcel 6a are chargeable with knowledge and acquiescence in the user. A considerable portion of the 6a passageway is closed in by buildings and the overhead porch. The only entrance to the passageway is by a door in the overhead structure. Neither this door nor the one into 7c has ever been blocked, and no objections have ever been made to the user of the passageway. The circumstances are not comparable to passage over uninclosed lands.

That user by the bank's tenants was user by the bank, is supported by the evidence. A tenant's user inures to the benefit of the landlord if the landlord has conferred upon the tenant any authorization of such use. *Capps* v. *Merrifield*, 227 Mich 194. The doorway from the building on 7c opens directly into the 6a passageway. The employees of the bank and its receiver used this door in the intervals between tenant occupancies. When the bank building was appraised in 1933 and again in 1940 the receiver claimed an easement over 6a. In 1924 the use of 6a was contemplated by the bank when it signed the agreement to share with adjacent property owners the expenses in connection with the alley located in parcel 6e. The testimony clearly shows that the bank asserted rights of user, and in leasing the premises, authorized such use by its tenants.

The decree is affirmed, with costs to appellees.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.