*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RESURRECTION FELLOWSHIP CHURCH OF
GRAND RAPIDS,

UNPUBLISHED
April 11, 2024

Plaintiff/Counterdefendant-Appellant,

v

No. 367179
Kent Circuit Court

NICK W. LAKE,

LC No. 22-01403-CH

Defendant/Counterplaintiff-Appellee.

Before: BOONSTRA, P.J., and FEENEY and YOUNG, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition and denying plaintiff's motion for summary disposition. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case involves a dispute over whether defendant acquired a prescriptive easement over a portion of plaintiff's property referred to by the trial court as "the Driveway." In December 1978, defendant purchased a parcel of property (Lot 599) from the Grand Rapids Labor Temple Association (the Temple Association). Defendant's property abutted another lot owned by the Temple Association (Lot 598), which comprised a portion of its parking lot, and defendant parked his vehicles on a portion of that lot (the Driveway). According to defendant, he never asked anyone for permission to park his vehicles on the Driveway, nor did anyone grant him permission to use it. In September 1996, the Temple Association sold Lot 598 to plaintiff. After plaintiff purchased Lot 598, defendant continued to use the Driveway to park his vehicles. The parties agree that defendant would move his vehicles when requested for various events held at the church, or to allow the parking lot to be plowed.

In 2022, plaintiff filed an action against defendant to quiet title to the Driveway and additional property not relevant to this appeal. Defendant responded by filing a counterclaim for adverse possession, acquiescence, and prescriptive easement. The parties filed cross-motions for summary disposition.

-1-

Relevant to this appeal, plaintiff argued that defendant's use of the Driveway had at all times been permissive and noncontinuous; therefore, defendant could not satisfy the elements of a prescriptive easement. In support of this contention, plaintiff attached numerous affidavits from members of plaintiff's congregation as well Reverend Wallace Campbell, plaintiff's assistant pastor; additionally, plaintiff provided correspondence between plaintiff and defendant concerning parking in the Driveway. The affidavit of Maggie Price stated in relevant part that "[p]rior to [plaintiff] purchasing and moving into the lot, [defendant] had previously enjoyed permission from Grand Rapids Labor Temple, the previous owner of [plaintiff's] property, to park his vehicles on the parking lot." The affidavit of Justin Price stated in pertinent part that "[t]he arrangement of [defendant] parking his vehicles in [plaintiff's] parking lot began after [plaintiff] moved to this location and [plaintiff] gave him permission to park in the lot because the previous owners had allowed him to." The affidavit of Reverend Campbell stated that he had been an assistant pastor of plaintiff for as long as plaintiff had operated at its current location, and that defendant had had permission to park his vehicles on the Driveway from plaintiff for at least 15 years. Several other affiants averred that defendant had been permitted to use the driveway since the time plaintiff purchased Lot 598. Plaintiff also attached a letter dated July 26, 1996 from an attorney to a person identified only as Robert; plaintiff asserted that this letter was from an attorney whom plaintiff had consulted before purchasing Lot 598. The letter, in relevant part, states:

> I did speak to the realtor after I last talked to you. He indicated that there may be a gentlemen [sic] who uses the south entrance to the church parking lot to get to his house and may in fact park occasionally in the south parking lot. He has not been doing this for a very long time and so this is not a threat of adverse possession or prescriptive easement. However, sometime in the future the church should probably send him a friendly letter either indicating that they do not wish for him to continue to this or, if you wish to give him permission, state that you are giving him permission to continue this sort of use. By doing this, you prevent him from ever being able to later argue he has the legal right to the area of your parking lot upon which he is parking and has a prescriptive easement to drive in your south entrance whenever he wishes.

Plaintiff also attached a letter from plaintiff to defendant dated August 12, 1997, stating in relevant parking that defendant could park his truck on the parking lot "as we agreed" but asking him not to park a trailer there.

In his response to plaintiff's motion and in support of his own motion, defendant argued that he had satisfied the elements of a prescriptive easement before plaintiff ever purchased Lot 598. He stated that he had purchased his property in 1978 and had used the driveway to park his vehicles continuously until 1996. Defendant also stated that when he traveled to Florida for the winter, he hired a house-sitter who parked her car in the driveway in the same manner as defendant did when he was home.

Defendant also provided a sworn affidavit stating, in relevant part:

9.     Since 1978, I have used the southernmost 10-foot-wide strip of the parking lot (the "Driveway") as my driveway and have continuously used it to park my vehicles, including my truck and often my motorcycle and trailer. . .

* * *

12. No one ever gave me permission to use . . . the Driveway; I never asked anyone for permission to use [it.]

Defendant also provided a letter from defendant to plaintiff stating, in relevant part:

I purchased my property in Dec [sic] 1978 and have parked my vehicles in the parking lot for 25 years. Shortly after I purchased my home, the property at 321 Valley was purchased by Grand Rapids Labor Temple. They had no problem with my parking my vehicles on the lot for 22 years.

Defendant's letter asserted that he owned the driveway by virtue of adverse possession.

The trial court held a hearing on the cross motions for summary disposition in March 2023. At the hearing, the trial court noted that defendant's affidavit had provided factual information concerning how the Driveway was used from 1978 until plaintiff purchased Lot 598. The trial court indicated that it would take the matter under advisement and issue a written opinion.

The trial court subsequently issued a written opinion and order, holding in relevant part that defendant had established that he had a prescriptive easement to use the driveway before plaintiff purchased the property from the previous owner. The trial court found that defendant's undisputed evidence showed that he had used the driveway for almost eighteen years before plaintiff's purchase of Lot 598. This appeal followed.

## II. STANDARD OF REVIEW

A claim for a prescriptive easement is an equitable claim. *Mulcahy v Verines*, 276 Mich App 693, 699; 742 NW2d 393 (2007). We review de novo a trial court's conclusions of law in an equitable action, and we review for clear error its findings of fact. *Id.* We review de novo a trial court's grant of summary disposition under MCR 2.116(C)(10). *Id.* A party is entitled to summary disposition under MCR 2.116(C)(10) "if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Id.* at 699 (citations omitted). The moving party has the initial burden of supporting its position with affidavits, admissions, or other documentary evidence; once the movant has done so, the burden shifts to the nonmoving party to establish a genuine issue of material fact. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). To do so, the nonmoving party may not rely on mere allegations or denials in the pleadings, but must go beyond the pleadings to support its position with documentary evidence establishing the existence of a material factual dispute. *Id.* at 362-363.

## III. ANALYSIS

Plaintiff argues that the trial court erred by holding that defendant had established the elements of a prescriptive easement. We disagree.

An easement is a right to use another's land for a specific purpose. *Killips v Mannisto*, 244 Mich 256, 258; 624 NW2d (2001). An easement by prescription "results from use of another's

-3-

property that is open, notorious, adverse, and continuous for a period of fifteen years." *Mulcahy*, 276 Mich App at 699 (citations omitted). "Open and notorious" use of the property refers to the type of use that raises "the presumption of notice to the world that the right of the true owner is being invaded." See *Ennis v Stanley*, 346 Mich 296, 301; 78 NW2d 114 (1956) (citation omitted). "Continuous" use need not be constant use; rather, the property must simply be used in the normal manner of an owner, depending on the nature of the property. *Von Mending v Strahl*, 319 Mich 598, 613-614; 30 NW2d 363 (1948) ("An omission to use when not needed does not disprove a continuity of use, shown by using it when needed, for it is not required that a person shall use the easement every day for the prescriptive period. It simply means that he shall exercise the right more or less frequently, according to the nature of the use to which its enjoyment may be applied.") (citation omitted). "Adverse or hostile use is use that is inconsistent with the right of the owner, without permission asked or given, that would entitle the owner to a cause of action against the intruder for trespassing." *Id.* at 702. "The burden is on the party claiming a prescriptive easement to show by satisfactory proof that the use of the defendant's property was of such a character and continued for such a length of time that it ripened into a prescriptive easement." *Mulcahy*, 276 Mich App at 699.

Plaintiff primarily argues that defendant's use of the driveway was permissive, rather than adverse or hostile. A large portion of plaintiff's appellate brief, and the bulk of its documentary evidence, is devoted to establishing that plaintiff gave defendant permission to use the driveway *once it purchased Lot 598*. But that fact is not in dispute; rather, the issue is whether defendant had already established the elements of a prescriptive easement when plaintiff purchased the property in 1996. The only documentary evidence presented by plaintiff concerning the time period before it purchased the property are the affidavits of Maggie and Justin Price, and the 1996 letter from an attorney. The trial court discounted the statements in the Price affidavits concerning defendant's alleged permission to park on the driveway given by the prior owner, on the ground that they did not appear to have been based on personal knowledge. We agree with the trial court. Maggie's affidavit stated that she was "personally familiar with the Church parking lot and [defendant's] vehicles because of my affiliation [with plaintiff]." It does not explain how she came to know whether defendant had been given permission by Lot 598's prior owner to use the driveway. Nor does it offer any details regarding when or how any such permission had been given. Justin's affidavit similarly claims an affiliation with plaintiff, but offers no other details to support the claim that defendant received permission (from the Temple Association) to use the driveway prior to plaintiff's purchase of Lot 598. Both affiants in essence claim a familiarity with the parking situation that arises out of their involvement with plaintiff; neither affiant has asserted that they witnessed or were otherwise personally aware of defendant's interactions with the previous owner. We agree with the trial court that the statements in the Price affidavits concerning an alleged agreement between defendant and another party were not based on personal knowledge and were inadmissible hearsay. *Ykimoff v Foote Mem Hosp*, 285 Mich App 80, 105; 776 NW2d 114 (2009); MRE 602, MRE 801(c), MRE 802.

The 1996 attorney letter suffers from the same hearsay problem—to the extent that its statements that defendant "has not been doing this for a very long time" and "this is not a threat of adverse possession or prescriptive easement" were offered for the truth of the matter asserted, the trial court correctly held them to be inadmissible. *Ykimoff*, 285 Mich App at 105. In any event, even if the letter were admissible into evidence, it seems to support an inference that no permission

to use the driveway had been given prior to plaintiff giving it sometime after purchasing the property.

By contrast, defendant's affidavit states definitively that he used the driveway to park his vehicles, in the normal manner of a driveway, since 1978, and that he did so without anyone's permission. Plaintiff argues that defendant's affidavit is merely conclusory and insufficient to create a genuine issue of material fact, see *Quinto*, 451 Mich at 370. We disagree. If defendant had testified to the statements in his affidavit at trial, he would have established the elements of a prescriptive easement. Further, although defendant's affidavit may have been self-serving (as most affidavits offered in support of a party's position are), it was uncontradicted by any other admissible evidence offered concerning the relevant time period from 1978 until 1993. See *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 56; 951 NW2d 64 (2020). Although plaintiff points out that defendant stated in a 2003 letter that the previous owner "had no problem with" him parking his vehicles in the driveway, in that very same correspondence defendant also states that he did not seek, and was not given, permission to do so. Defendant's statement, in context, simply reflects that he had never had a conflict with the driveway's previous owner over its use. The element of hostile or adverse use does not require such conflict. *Mulcahy*, 276 Mich App at 702 (noting that the hostility element "does not imply ill will" and that "[t]he claimant is not required to make express declarations of adverse intent during the prescriptive period").

In light of the fact that defendant's documentary evidence was unrebutted by any admissible evidence from plaintiff, *Quinto*, 451 Mich at 362, we conclude that the trial court did not err by holding that defendant's use of the driveway had been hostile or adverse for the requisite 15-year prescriptive period. Plaintiff also briefly argues that defendant's use of the driveway was not continuous, but only supports that argument with statements from affiants who first observed defendant's use of the driveway long after the prescriptive period had passed. Plaintiff offers no evidence to counter defendant's sworn statement that his prior use of the driveway was continuous considering the nature of the property as a driveway for a residential home. *Von Mending*, 319 Mich at 613-614.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kathleen A. Feeney
/s/ Adrienne N. Young